R. P. SCHNABEL, Appellant, v. JOHN W. THOMAS, Respondent.

Kansas City Court of Appeals, February 2, 1903.

1. **Replevin:** STANDING CORN: INTERMINGLED PROPERTY. Replevin will lie for the corn on the stalk and for goods mixed with goods of the same nature, such as corn, oats and wheat.

2. ———: LANDLORD AND TENANT: CORN ON THE STALK. But a landlord may not replevin as rent, corn on the stalk which has not been separated and set aside.

3. ———: MEASURE OF DAMAGES: EVIDENCE. As a general rule, the value of replevined property must be assessed as at the time of the trial, and where certain replevined corn has been consumed, evidence of the value of corn of the same grade at the time of the trial was properly admitted.

4. ———: EVIDENCE: MORTGAGE. Where a landlord replevined certain corn as rent corn, it was proper to refuse in evidence a mortgage made by the tenant on the replevined corn.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan,* Judge.

AFFIRMED.

*W. D. Steele* and *Sangree & Lamm* for appellant.

(1)   As a general proposition, annual crops raised by yearly labor and cultivation, *fructus industriales* as distinguished from *fructus naturales,* are regarded as personal chattels and it seems are the subject of replevin whether matured or not.   Garth v. Caldwell, 72 Mo. 622.   But where the crops are matured and have ceased to derive any nourishment from the soil, there is no question but what replevin will lie for ungathered corn standing in the field.   Salmon v. Fewell, 17 Mo. App. 118; Huff v. Henry, 57 Mo. App. 341.   (2)   And replevin lies for plaintiff's aliquot part of the rent corn under the facts shown by this record.   Kauffman v. Schilling, 58 Mo. 218; Sutherland v. Carter, 52 Mich. 471; Wattles v. Dubois, 67 Mich. 313; Huff v. Henry, 57 Mo. App. 341; Cobbey on Replevin (1 Ed.), secs. 30 and 32.   (3)   The general rule adopted in this State to the effect that in an action of replevin, where the defendant claims the property and demands the return thereof, the jury shall assess the value of the property at the time of the trial (Chapman v. Kerr, 80 Mo. 158; Hinchey v. Koch, 42 Mo. App. 230), is manifestly subject to exceptions.   As a hard-and-fast rule, it would work palpable injustice in many cases, as here, where corn had gone up in price threefold from the date of the caption to the trial, and was not in existence at the trial.   Page v. Fowler, 39 Cal. 412.   That the rule has its exceptions as above was also recognized and stated by this court in Chemical Company v. Nickells, 66 Mo. App. 678; Dillard v. McClure, 64 Mo. App. 488; Oil Co. v. Drug Co., 84 Mo. App. 76; Jennings v. Sparkman, 48 Mo. App. 246; Willison v. Smith, 60 Mo. App. 469; Rosenstreter v. Brady, 63 Mo. App. 398; Westbray v. Milligan, 74 Mo. App. 179.   (4)   The court erred in excluding the past-due chattel mortgage from defendant to the Citizens' Bank of Windsor, when offered in evidence by plaintiff.   Such mortgage was admissible as

tending to prove the statutory allegation in our complaint to the effect that plaintiff would be in danger of losing his corn unless it be taken out of the possession of defendant.

*Chapman, Bente & Wilson* and *G. W. Barnett* for respondent.

(1) To maintain replevin the plaintiff must have in himself the right of property, general or special, coupled with the right of immediate possession. Melton v. McDonald, 2 Mo. 45; Andrews v. Castican, 30 Mo. App. 29; Baker v. Campbell, 37 Mo. App. 529; Leete v. Bank, 141 Mo. 584. (2) That the landlord is not the owner of the crop raised by the tenant, nor of the part which is agreed to be paid as rent, is evident from the fact that the landlord has a lien on the entire crop for his rent, and the statute prescribes the only method of enforcing the lien and collecting the rent, namely, by attachment, and this is the method of enforcing the lien whether the rent be payable in money or part of the crop. The Legislature did not do the foolish thing of giving the landlord a lien on his own property. Secs. 4115 and 4123, R. S. 1899. Kaufman v. Schilling, 58 Mo. 218; Lacy v. Weaver, 49 Ind. 373; Williams v. Smith, 7 Ind. 559; Chissom v. Hawkins, 11 Ind. 316; Lestie v. East, 49 Ind. 588; Dixon v. Niccolls, 39 Ill. 372; Sargint v. Courier, 66 Ill. 245; Parker v. Garrison, 61 Ill. 250; Lanyon v. Woodward, 55 Wis. 652; Burns v. Cooper, 31 Pa. St. 426; Cunningham v. Baker, 84 Ind. 597. (3) Our contention is not, as supposed by appellant, that the landlord can not recover his own corn, because mingled with that of the tenant, but we do contend that no part of the corn belongs to the landlord until it has been divided and set apart to him as his rent. That prior to that time both title and possession are in the tenant and the landlord has a lien thereon, enforcible by attachment. (4) The present value of the corn in position as it was at the time it was

taken, was the true measure of recovery, and not.the value of the corn at the time it was taken. See concluding part of the opinion in Kriebohm v. Yancey, 154 Mo. 87; Kirkendall v. Hartsock, 58 Mo. App. 237; Chemical Co. v. Nickells, 66 Mo. App. 618; Boot & Shoe Co. v. Bain, 46 Mo. App. 581; Hinchey v. Koch, 42 App. 230; Holster v. Teppe, 27 Mo. App. 207; Schultz v. Hickman, 27 Mo. App. 21; White v. Storms, 21 Mo. App. 288; Wrix v. Kepner, 81 Mo. 93; Chapman v. Kerr, 80 Mo. 158. (5) The court committed no error in excluding the chattel mortgage in question. Ridgley v. Stillwell, 27 Mo. 128; Duryee v. Turner, 20 Mo. App. 34; Ostner v. Lynn, 57 Mo. App. 187.

BROADDUS, J.—This is an action of replevin for corn ungathered and standing on the stalk in the field where it was grown. The writ was executed in the latter part of December, 1901, to the constable who gathered the corn and delivered it to the plaintiff. The corn was raised on what was known as the John Thomas farm, which farm was conveyed to plaintiff and others who had an interest in it, on the 6th day of April, in said year, and by subsequent deeds correcting the first named. The defendant Thomas, who was in possession, thereupon rented said farm for one year upon the agreement that plaintiff was to have one-third of the crops grown thereon. At the time the writ was served the defendant had, upon estimate made by plaintiff, gathered for himself about two-thirds of the crop. There had been no division made of the corn by the parties. On the trial it was shown that it was a custom in the neighborhood, when rent was payable in crops, to consider the rent due on their arriving at maturity. It was also shown that the corn taken under the writ had been consumed by plaintiff before the trial, but the court permitted evidence to show its value at that time, over the objections of plaintiff who insisted that the proper rule of damages was its value at the time it was

taken under the writ. The plaintiff offered to prove that defendant, prior to the issuing of the writ, had mortgaged his property, including the corn, to the Citizens' Bank of Windsor, which, upon objection of defendant, was excluded. At the close of plaintiff's case the court gave a peremptory instruction directing the jury to find for the defendant. From the finding and judgment plaintiff has appealed.

The principal question in the case is, was the plaintiff entitled to recover upon the evidence? The position assumed by the trial court was that the plaintiff had no interest in the property in question and right of possession to support the action. In Garth v. Caldwell, 72 Mo. 622, it was held: "Corn in the stalk is the subject of replevin; and this without regard to whether it is growing, or, having matured." But that was not a case arising between landlord and tenant and has no special application to this case. In Huff v. Henry, 57 Mo. App. 341, it was held: "Replevin will lie for the sixth part of a matured crop of corn standing in the field, especially where the defendant set off to the officer with the writ such corn and the parties agreed that it was plaintiff's due proportion." Salmon v. Fewell, 17 Mo. App. 118, was where the plaintiff was the owner as purchaser of the entire crop and the court held that he could maintain replevin for such crop.

Kaufman v. Schilling, 58 Mo. 218, was a case where the plaintiff had raised the oats in controversy as tenant of the defendant; the oats were stored in a house when plaintiff left the premises; the defendant took possession of the premises and refused to give up one-half thereof claimed by plaintiff; the plaintiff had at no time measured or delivered to defendant any part of said oats. Held: "Generally where property can not be identified or separated so as to be seized in kind, replevin will not lie." But where goods mixed are of the same nature and value, although not capable of an actual separation by identifying each particle, yet if a di-

vision can be made of equal value, as in the case of oats, corn or wheat, either party may claim his aliquot part by this action." And the court further held that as plaintiff had raised the oats he was entitled to the possession until a separation or measurement took place. In Sargint v. Courier, 66 Ill. 245, it was held: "The plaintiff could not maintain the action as he had no such property in the crops until they were gathered and divided as to entitle him to maintain replevin." So it was held in Lanyon v. Woodward, 55 Wis. 652; Dixon v. Niccolls, 39 Ill. 372; Cunningham v. Baker, 84 Ind. 597; Lacy v. Weaver, 49 Ind. 373; Burns v. Cooper, 31 Pa. St. 426. As the evidence in the case before us did not even tend to show that the corn had been set apart as plaintiff's share, he was not the owner and entitled to the possession; and therefore he could not maintain the action.

The remaining question of importance is, was the court in error as to what constituted defendant's measure of damages? It is admitted the general rule in this State is, that where the defendant demands the return of the property the jury shall assess its value as of the time of the taking; but plaintiff contends that when it is shown that the property was not in existence at the trial, the rule is to assess such value as of the time of the taking under the writ. In support of this theory we are referred to numerous cases in our State reports, some of which we will consider.

In Jennings v. Sparkman, 48 Mo. App. 246, it was held: "While the value of the property in controversy must, in an action of replevin, be assessed as of the date of the trial, the rule must be applied within reasonable and practicable limits, and, when it becomes impracticable to assess the value at that date, owing to the property having been scattered by the party in possession, the opposite party may show the value thereof when last accessible to him, and such value will, in the absence of proof to the contrary, be presumed to be its

value at a trial occurring three or four years later.''
In Willison v. Smith, 60 Mo. App. 469, Judge BIGGS,
in speaking of the rule, said: ''But the foregoing de-
cisions, and also the statute itself, contemplate that the
party in possession of the property will have it at the
trial to abide the judgment of the court.   When it has
thus been preserved, its value at the trial can be deter-
mined by actual inspection.   But, suppose it has been
sold or otherwise disposed of, how is it possible to ascer-
tain its present value?   And how can the court carry
into effect the statutory judgment of a return of the
property or its assessed value, as the prevailing party
may elect?''   The action of the trial court was upheld
on an instruction given directing the jury to find the
value of the property as of the date of the taking under
the writ.   And that a ''judgment in replevin need
not conform to the statute; it may be modified to meet
the equities of each case.''   In Rosenstreter v. Brady,
63 Mo. App. 398, it was held: ''Where the defeated
party having the property in possession has disposed of
it, so that it could not be had at the trial, the value should
be assessed at the date of the seizure and not at the date
of the trial.''   In Westbay v. Milligan, 74 Mo. App. 179,
it was held that, although the general rule is that the
value of the property in controversy must be assessed
as of the date of the trial, yet, ''if this should be im-
practicable by reason of the dispersion of the property,
or for other causes before trial the value may be esti-
mated as of the time of the caption.''

All these cases recognize the general rule that in
replevin the value of the property in controversy must
be assessed as of the date of trial, if practicable.   The
evidence in this case showed that the corn, if on hand,
would be worth much more than it was at the time of the
caption.   If we should therefore apply a different rule
or vary the rule, so as to limit the inquiry as to its value
at the time it was taken, it would be inequitable, as it
would operate to give the benefit of the advance in value

to the plaintiff who wrongfully converted defendant's property.

But it seems to us that the court in permitting the defendant to show the value of corn of the same grade and quality at the time of the trial, adopted the only practicable course under the circumstances; and by so doing conformed in every material respect to the general rule. Corn and wheat and other like commodities have a mercantile rating in the markets, and one article of the kind is worth just as much as another of the same kind and quality. We are satisfied that there was no error in the action of the court in relation to the value of the corn in dispute.

The action of the court in refusing to admit the mortgage mentioned in evidence was proper. It is true that the conduct of the plaintiff in converting the mortgaged property to his own use may have rendered him liable to the mortgagee for its value, provided he did not have a superior lien thereon as landlord, and, provided further, that the other property included in said mortgage was insufficient to satisfy the debt, or that the debt had not already been discharged, none of which he attempted to show. The mere introduction of the mortgage unaccompanied with some such showing could have had no effect whatever.

All other questions raised are immaterial, and finding no error in the record the cause is affirmed. All concur.