Mattison v. Hooberry.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.

---

MATTISON, Respondent, v. HOOBERRY, Appellant.

**St. Louis Court of Appeals, February 2, 1904.**

**REPLEVIN: Executory Contract.** An agreement to give plaintiff sixteen bushels of wheat out of defendant's crop, in repayment for that amount borrowed, does not vest title in the plaintiff so as to authorize an action of replevin, where no wheat was set apart for him under the agreement.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED.

*Lamar, Barton & Lamar* for appellant.

For the purposes of this case it may be conceded that plaintiff could maintain replevin for his own wheat, even though mingled with and a part of a larger mass. But we contend that under the evidence separation and appropriation were necessary to pass title from defendant, and as title, general or special, is a prerequisite to a replevin suit, this action must fail. O'Neal v. Stone, 79 Mo. App. 285; Potter v. Mt. Vernon Roller Mill Co., 73 S. W. 1005; Lawson on Bailments, sec. 8; Tiedeman on Sales, sec. 12; State v. Wingfield, 115 Mo. 436; Kendall Boot & Shoe Co. v. Baine, 46 Mo. App. 594; Cunningham v. Ashbrook, 20 Mo. 556.

GOODE, J.—This is an action of replevin for sixteen bushels of wheat. The bill of exceptions recites as follows:

"Now at this day, this cause coming on to be heard, and both parties, plaintiff and defendant, appearing and announcing ready for trial; the plaintiff, to sustain the issues on his part, introduced evidence tending to prove the following facts, to-wit:

"That plaintiff and defendant are neighboring farmers in Texas county, Missouri; that each, in the year 1902, raised, harvested and threshed a wheat crop on his respective farm. That plaintiff threshed his crop of wheat first. That at or about the time plaintiff threshed his wheat crop, defendant borrowed sixteen bushels thereof for consumption, and actually consumed the same. That at the time of said borrowing, he agreed to pay plaintiff sixteen bushels of wheat out of his wheat crop, then grown and cut upon his farm. That a short time thereafter, the defendant threshed his wheat, but failed and refused to pay plaintiff the sixteen bushels thereof so borrowed as aforesaid. That thereupon, this action was brought, the writ issued and served by taking sixteen bushels from a bin of wheat on the farm of defendant, containing more than that amount, all of which said wheat in said bin was a part of the crop grown on defendant's said farm in the year 1902.

"At the close of the evidence, the defendant requested the court to give the following instruction, to-wit:

"The court instructs the jury, that under the evidence, they must find the issues for the defendant.

"Which said instruction the court refused, to which action of the court in refusing said instruction, to the jury, the defendant, by its counsel, in open court, objected and excepted at the time.

"Whereupon, the court, of its own motion, gave the following instruction, to-wit:

"The court instructs the jury that, if you believe and find from the evidence that the defendant borrowed of plaintiff, sixteen bushels of wheat, and agreed to return the same out of his wheat crop then grown and cut

as soon as the same was threshed; and if you further believe and find from the evidence, that when he threshed the said wheat, he did not return the same, you will find the issues for the plaintiff.

"To which action of the court, in giving said instruction to the jury in favor of the plaintiff, the defendant, by its counsel, in open court, objected and excepted at the time.

"This was the only instruction given."

Replevin is a possessory remedy and for the plaintiff to be entitled to the possession of sixteen bushels of wheat which were in the defendant's possession, it was necessary for the former to show some property, general or special, in the wheat. He showed nothing of the kind, but only that defendant borrowed sixteen bushels of wheat from him and had agreed to repay him by delivering to him that many bushels of defendant's wheat when the latter threshed his crop. Obviously there had been no wheat set apart from the defendant's crop for the plaintiff, nor anything done which showed an intention to transfer the title to any part of the crop to the plaintiff. In what way, we ask, was the ownership of the replevied wheat vested in the plaintiff? Defendant simply broke his promise to repay the plaintiff and the latter could no more replevy unidentified wheat than he could unidentified money to reimburse himself for money he had lent. Schnabel v. Thomas, 98 Mo. App. 197. As the defendant has filed in this court a stipulation renouncing any claim for damages for the wrongful taking of his wheat or to have it returned, the judgment will be reversed and judgment entered here for the defendant. It is so ordered. *Bland, P. J.,* and *Reyburn, J.,* concur.