W. W. GILLIAM, Constable, ex rel. A. E. ANDERSON AND COMPANY, Appellants, v. THE GLOBE TAILORING COMPANY, a partnership, and THE UNITED STATES FIDELITY AND GUARANTY COMPANY OF BALTIMORE, MARYLAND, Respondents.

Kansas City Court of Appeals, January 16, 1911.

1. PLEADINGS: Amendments. A constable refused to levy upon certain goods on execution until the judgment creditor furnished an indemnity bond. This was given, the goods seized and sold, and the rightful owner sued in his own name for the value thereof, but during the trial an amendment was offered changing the style of the case to one in the name of the constable to the use of the said owner. A judgment for plaintiff was set aside by the trial court, and the plaintiff took an appeal in the case as now styled. *Held*, that although there was no formal order for filing the amendment, the parties acted upon the theory that an order for filing it had been entered of record, and as the amendment only changed the form of the action, and did not affect the rights of the parties, the objection thereto will be disregarded.

2. INSTRUCTIONS: Assessing Damages. An instruction which told the jury that if they found for the plaintiff they would assess the value of the goods as of the time of the seizure with six per cent interest is not erroneous in a case where an officer seizes goods upon execution that do not belong to the judgment debtor.

Appeal from Cole Circuit Court.—*Hon. Wm. H. Martin,* Judge.

REVERSED AND REMANDED (*with instructions*).

*Hazell, Edwards & Lay* for appellants.

(1) The trial court granted a new trial on the ground that error was committed in the giving of instructions on measure of damages. There were only two instructions given both for plaintiff, the defendant offering none. A party, as in case at bar, asking no instruction himself on a given branch of the case is in no condition to complain because the instruction is not as full and complete as it might have been. Bank v. Ragsdale, 171 Mo. 168. And even where erroneous instructions are given a new trial should not be granted, where upon the pleadings and undisputed facts the judge is clearly for the right party. Homuth v. R. R., 129 Mo. 629; Bartley v. R. R., 148 Mo. 124. There is not the same room for discretion of the trial court in granting new trial where only question of law is involved as there is in other matters. Campbell v. Railway Co., 86 Mo. App. 67. (2) If it is the belief of the appellate court that prejudicial error has been committed by the trial court in granting a new trial and to the detriment of the appealing party, then the order granting a new trial should be reversed with directions to reinstate the verdict and enter judgment thereon. Baughman v. Waterworks Co., 58 Mo. App. 142; Candee v. R. R., 130 Mo. 142, Sec. 865, R. S. 1899. No error was committed by the trial court in allowing petition to be amended during the trial by making the constable, W. W. Gilliam, plaintiff instead of A. E. Anderson and Co. Secs. 657, 658, 659, R. S. 1899. Tyrrel v. Milliken, 135 Mo. App. 293. (3) The question of estoppel because Anderson Co. purchased some of the goods at the sale and after-

152 App—30

wards received the surplus of the sale, after the execution and costs were paid was no defense to the action as the following authorities will show: Bank v. Ragsdale, 171 Mo. 168; Garnhart v. Wheeler, 40 Mo. 449; DeBerry v. Wheeler, 128 Mo. 84; Hartman v. Hornsby, 142 Mo. 368; Boles v. Perry, 51 Mo. 449; Newman v. Hook, 37 Mo. 207; Bramell v. Adams, 146 Mo. 70.

W. S. Pope for respondents.

BROADDUS, P. J.—This is a suit on an indemnifying bond. The case is as follows: Prior to November 9, 1907, one Frank E. Breslin was engaged in the tailoring business in Jefferson City. A. E. Anderson and Company was a wholesale tailoring establishment doing business in Chicago. They did business in the following manner: They furnished to him different samples of goods suitable for clothing. When a customer came to him for a suit of clothes, such customer would make his selections from the samples on hand. The sample selected would then be sent to plaintiffs Anderson and Company and the suit would be made up from this sample and similar samples which plaintiffs had with other tailors operating in the same way. After the suit of clothes was made up it would be returned to Breslin, who would deliver to the person ordering it and he would collect the amount due from the customer. On the 9th day of November, 1907, the defendant The Globe Tailoring Company, a partnership doing business in Cincinnati, recovered judgment in the sum of $183.40, against Breslin in a justice's court. Execution was issued on this judgment and placed in the hands of W. W. Gilliam, constable, who seized thereunder a lot of said samples in the possession of Breslin. The constable having been notified that the goods belonged to the plaintiff, demanded of The Globe Tailoring Company an indemnifying bond, which they executed with the defendant, The United States Fidelity and Guaranty

Company as security. Some of the goods were sold and after satisfying the execution and costs a surplus of $30.09 was left in the hands of the constable which he paid over to the plaintiffs.

The plaintiffs recovered the value of their goods taken under the execution less the amount of said surplus in the sum of $390. The defendant filed a motion for rehearing, which the court sustained, on the ground of error in giving instructions on the measure of damages, and plaintiff appealed.

The defendant moves to dismiss the appeal on the ground that there was no such suit pending and no trial had of a case styled W. W. Gilliam, Constable, to the use of A. E. Anderson and Company v. The Globe Tailoring Company et al.

The suit was brought in the name of A. E. Anderson and Company, but during the trial the plaintiff offered the following amendment: "W. W. Gilliam states that he is and was the constable of Jefferson township, Cole county, Missouri, on the 6th day of December, 1907, and at the relation of and the use of A. E. Anderson and Company doing business under the name of A. E. Anderson and Company in the city of Chicago and for cause of action, states," etc. Defendants' counsel objected to the proposed amendment for several reasons which are not necessary to be stated, whereupon the court said: "Objection overruled. Go ahead." To which ruling and decision the defendant excepted. There is no order in the record showing a filing of the amendment and none changing the style of the case. The affidavit for appeal and the appeal is taken in case as now styled.

We do not think the appeal should be dismissed for the reasons assigned. It is true there was no formal order for filing the amendment, but it is safe to say that the parties were all acting under the impression that the amendment had been made and that an order to that effect had been entered of record. The amendment only changed the form of the action, and did not in any

manner affect the rights of the parties. The objection is purely technical and ought to be disregarded.

The court on the measure of damages instructed the jury if they found for the plaintiff they would assess the value of the goods as of the time of the seizure with six per cent interest, less the credit of $39.40. We do not find any fault with the instruction. It is held to be correct in such cases. [The State to use of Monk v. Bacon, 24 Mo. App. 403; Schnabel v. Thomas, 98 Mo. App. 197.] The verdict was for the right party and ought to stand. Reversed and remanded with directions to restore verdict and enter judgment for the amount therein in favor of plaintiff. All concur.

## ON REHEARING.

PER CURIAM—The foregoing opinion is adopted and the order granting new trial will be reversed and the cause remanded with directions that plaintiff have judgment for the penalty of the bond, $500, to be satisfied by the payment of $390 and interest thereon from date of judgment and for costs and that execution issue therefor: