ALVA WILKISON, RESPONDENT, v. S. E. GRUGETT, APPELLANT.[*]

Springfield Court of Appeals. Opinion filed September 23, 1929.

[*]Corpus Juris-Cyc References: Replevin, 34Cyc, p. 1355, n. 13.

*James V. Billings* for appellant.

*James A. Bradley* for respondent.

SMITH, J.—This is a suit in which the plaintiff, on the 21st day of May, 1927, replevied from the defendant, who was sheriff of Dunklin County, Missouri, an Oakland Automobile Coach. The plaintiff had possession of the automobile at the time of trial. The petition was the usual petition in replevin, with regular affidavit and with an approved bond. The answer was a denial that the property belonged to the plaintiff and a denial that he was entitled to the possession thereof, with an allegation that the property belonged to Jeffie Wilkison, the wife of the plaintiff, and with an allegation that the plaintiff had said that it was the property of his wife, Jeffie Wilkison, and that it was in her possession at the time it was by the defendant taken under an execution growing out of a judgment against Jeffie Wilkison, and that the defendant was entitled to hold said property by reason of said execution, and the levy made thereon by the defendant, and prayed for the return of said property.

The facts show that on the 20th day of May, 1927, a general execution was issued out of the clerk's office of the Dunklin County Circuit Court in the case of C. E. Sullinger, Plaintiff, v. Jeffie Wilkison, Defendant, wherein the plaintiff, Sullinger, had judgment against Jeffie Wilkison for $598.95, plus costs and attorney fees, and said execution was placed in the hands of the defendant, and that he served the writ of execution on the 20th day of May, 1927, by reading the writ to Jeffie Wilkison and by seizing and taking possession of the Oakland Coach Automobile. The testimony shows that Jeffie Wilkison is the wife of the plaintiff, Alva Wilkison, and was in the automobile at the time the sheriff served the execution and took possession of the automobile as the property of Jeffie Wilkison. Alva Wilkison was a resident of Kennett, Missouri, and had formerly been an automobile dealer there for several years under the name of Wilkison Auto Company. In September, 1926, he took bankruptcy for himself and for the Wilkison Auto Company. The automobile in question was a Missouri automobile sold by the Wilkison Auto Company to Ernest G. Finney, of Kennett, on August 3, 1926. Finney, the purchaser of said automobile made and filed his application for ownership certificate with the commissioner of motor vehicles of Missouri and received his ownership certificate. The original certificate of ownership became lost or misplaced and the commissioner issued to Finney a duplicate certificate. On the 17th day of January, 1927, Ernest G. Finney executed and acknowledged the assignment and warranty printed on the back of his certificate of ownership in favor of plaintiff and delivered it to the plaintiff in Dunklin county, Missouri, but there was some testimony that Wilkison had possession of the motor vehicle three or four days before the certificate of title was delivered to him.

The plaintiff made no application to the commissioner of motor vehicles for registration of said automobile or for certificate of title in him, and at no time returned said assigned certificate to the commissioner, and at no time notified the commissioner to cancel the Finney certificate or destroy the registration of said automobile in Missouri. In fact, he did not communicate in any manner with the commissioner with reference to the automobile, nor did Jeffie Wilkison.

The plaintiff accepted a position as automobile salesman in Memphis, Tennessee, and remained there the most of the time for about four months prior to the institution of this suit. He took the automobile with him to Memphis, and said it was not his intention to use the automobile in Missouri, but did not secure certificate of ownership thereto from the State of Tennessee, nor did he at any time register it in Tennessee. He did not purchase any license plates with which to operate the car in 1927, but secured license plates issued by the State of Tennessee and the city of Memphis to other persons for other automobiles, and placed them upon this automobile, and operated this automobile under these unauthorized plates. He and his wife drove the automobile in Tennessee and in Missouri. He drove it at times and his wife drove it at times, and it was in Missouri at the time the sheriff levied upon it, and Jeffie Wilkison, the wife of plaintiff was in the vehicle at that time and had the key to it, and the sheriff took the property under the execution as being that of plaintiff's wife, Jeffie Wilkison.

Plaintiff, for the purpose of showing title to said automobile, and that he was entitled to the possession thereof, testified that he bought the automobile from Finney, and that his wife did not own it, and he did not tell the sheriff that it belonged to his wife, and offered in evidence the duplicate certificate of ownership issued to Ernest G. Finney, and by Finney assigned on the back thereof to plaintiff, duly acknowledged before a notary public. This offer, upon objection of the defendant, was excluded by the court.

The defendant offered in evidence the execution against Jeffie Wilkison with his return thereon, and rested. A verdict in said cause was returned, under direction of the court, for the defendant for possession of the automobile, and for the jury to assess the value thereof, which was accordingly done; the value of the automobile being fixed by the jury at the sum of $500.

Within proper time after the return of the verdict the plaintiff filed his motion for a new trial in said cause, which said motion was by the court sustained. The order made and entered of record at the time, being as follows to-wit:

"Motion for new trial sustained because the court erred in excluding from the evidence (offered for the purpose of showing title in

plaintiff) the certificate of title originally issued to E. G. Finney, and by him assigned to the plaintiff January 17, 1927, which had not been sent to the Secretary of State for a new certificate of ownership in the plaintiff."

This appeal is from the order of the court granting a new trial.

The plaintiff and the defendant agree that there is only one question involved in this litigation, that is, did the court err in granting a new trial because of the refusal to admit in evidence the certificate of title offered by plaintiff, which certificate had been properly assigned to him, but had not been returned to the commissioner of motor vehicles for a new certificate. The defendant insists that the assignment of the certificate of ownership of the automobile does not constitute legal title in the assignee until the assigned certificate of ownership is returned to, and application is made with the commissioner of motor vehicles for registration of title in assignee, or until notification for cancellation of the prior registration has been made. Defendant claims that, then, and not until then, does title pass to the assignee; and since this was not done, Wilkison never had legal title to the automobile and was not entitled to the possession thereof under the replevin proceedings, and that such a certificate was not proper evidence in a replevin suit. The plaintiff insists that since Finney was the direct and legal owner of the automobile in question, and holding proper certificate of title therefor, he passed title to Wilkison when he assigned said certificate before a notary public as required by law, and delivered the same to Wilkison at the time he delivered to him the automobile, and that Wilkison was then the legal owner of said automobile, and entitled to the possession thereof, and that the assigned certificate of ownership thereof, was competent evidence to show his ownership and right to possession.

Both plaintiff and defendant insist that they are sustained in their contentions by section 18, of Motor Vehicle Laws of 1921, Extra Session, page 88. The section provides that after the expiration of four months after the act takes effect, it shall be unlawful for any person in this State to operate a motor vehicle unless a certificate of ownership shall have been issued, as therein provided. The section also provides that in the event of a sale or transfer of ownership of a motor vehicle for which a certificate of ownership has been issued, the holder of such certificate shall endorse on the same an assignment thereof, with warranty of title, in form printed thereon, with a statement of all liens or encumbrances on said motor vehicle, and deliver the same to the buyer at the time of the delivery to him of said motor vehicle. The statute further provides that the buyer, at the time of making application for registration of such motor vehicle, shall present such certificate, assigned as aforesaid, to the commissioner, whereupon, upon the payment of $1, a new certificate of

ownership shall be issued to the buyer. The statute provides that the certificate, when so assigned and returned to the commissioner, shall be retained by the commissioner, and all such certificates shall be appropriately indexed so that at all times it will be possible for the commissioner to expeditiously trace the owner of the motor vehicle. This statute further provides that it shall be unlawful for any person to buy or sell in this State any motor vehicle, registered under the laws of this State, unless, at the time of the delivery thereof, there shall pass between the parties such certificate of ownership with an assignment thereon, duly acknowledged before a notary public, and the sale of any motor vehicle, registered under the laws of the State, without the assignment of such certificate of ownership, shall be fraudulent and void.

We have read this section of the statute carefully, but have been unable to find anywhere in it where it says that the assignment thereof and the delivery of the motor vehicle shall be fraudulent and void, if the assigned certificate of title is not returned and registered with the commissioner of motor vehicles. This section does say that the buyer shall present such certificate at the time of making application for the registration of the motor vehicle, but it does not say that the person has not bought the motor vehicle until the certificate is registered. In paragraph A of section 18 it is provided that under certain conditions the buyer may have the right to use the automobile with the number plates of the original owner for a period of five days. And under other conditions may use the automobile for fifteen days with the dealer's number plates. This was evidently intended to give the buyer a reasonable time in which to register the motor vehicle and obtain a certificate of title. But it would not necessarily follow that the buyer did not have title during that period of five or fifteen days, or at least have a right to the possession of the motor vehicle; and we are unable to find any rulings of the courts in this State that hold the purchaser would not have title or the right to the possession of the motor vehicle during those five or fifteen days.

Defendant seriously insists that the court committed error in granting the new trial because it had failed to submit the certificate of title to the jury for its consideration, because the assigned certificate of ownership had never been returned to the commissioner of motor vehicles of the State of Missouri, and he bases his contention largely upon the case of State ex rel. Connecticut Fire Insurance Co. v. Cox et al., 306 Mo. 537, 268 S. W. 87, and several other cases following the holding in that case.

In that case the question of returning the assigned certificate of title was not involved. The facts in that case show that the seller of the motor vehicle did not execute the assignment and warranty

on the back of the certificate of title and did not acknowledge it, but merely delivered it to the purchaser, and in addition thereto gave a bill of sale describing the motor vehicle, but did not acknowledge before a notary public that bill of sale. The question for determination in that case was whether such a transfer was a substantial compliance with the statute. The Supreme Court held that since the Act of 1921 declared in specific terms that the seller of a motor vehicle shall attach his signature to the assignment on the back of his certificate of title and acknowledge the same before a notary public, that unless such provisions were complied with the sale would be fraudulent and void. And since the facts in that case show that the seller ignored that provision of the law and undertook to transfer the title in some other way, it was not a substantial compliance with the law and was therefore a void transfer. But that case did not hold that before the transfer could be made that it must be returned to and registered with the commissioner of motor vehicles. It is true that in one paragraph of the opinion the learned Judge used this language: ''It will be seen, that the law requires the certificate, when properly assigned on the back of the same, to be returned to the commissioner, and perpetuated by him, as a public record and as a muniment of title, which can be referred to as evidence in tracing crimes, and collecting the revenue due the State on the machine.'' But that opinion, as we read it, does not say that the transfer to and delivery of the motor vehicle would be fraudulent and void, and the assignee would get no interest unless the certificate was returned to the commissioner of motor vehicles.

In another section of the motor vehicle act there is a provision that every owner of a motor vehicle shall register the motor vehicle before using, and upon the registering thereof, together with the payment of the proper fee, a certificate of title shall be issued, and there is also a provision in the act for the punishment of any person who violates any of the provisions of the act. We think the police regulations of the State, and that is the primary purpose of the act (State ex rel. v. Cox, supra), could not be construed to mean that when a person paid the purchase price of a motor vehicle and received the certificate of title with the assignment properly executed and delivered he did not have at least a right to the possession of the vehicle. When the seller of such a vehicle delivers the certificate of title properly executed and delivers the motor vehicle and receives his pay therefor, what further interests of title does he have in the motor vehicle? He certainly has performed all the duty that devolves upon him in making a legal assignment and delivery, and especially so if the purchaser lives in Missouri. To whom then does the motor vehicle belong? Who has title? Who is entitled to the possession thereof? Certainly it is not the vendor, because he has

his money and may be gone. It could not be said that the motor vehicle belonged to the State. Suppose under a condition like that, before the person has registered the vehicle or returned the assigned certificate, it had been stolen from him, could it be argued that the thief had committed no wrong because he had stolen property that belonged to no one? Could it be said that the person who had bought and paid for the vehicle could not prosecute the thief for stealing his property because he did not have his certificate returned? Our Supreme Court has passed on that question in the case of State v. Liston, 2 S. W. (2d) 780, 783. We think it not good public policy for the courts of this State to go that far, and we think that the many cases relied upon by the defendant in his appeal do not go that far, because in not a one of those cases has the court passed upon the results of the failure to return the certificate of title to the commissioner of motor vehicles.

And then, too, the defendant must not forget that this is a replevin suit. and that replevin is primarily a possessory action, and being such the action cannot be sustained for the purpose of trying the right of property. [34 Cyc., p. 1354; Mattison v. Hooberry, 104 Mo. App. 287, 78 S. W. 642.]

Replevin is strictly a possessory action and it lies in behalf of one entitled to possession, and when the plaintiff has shown his right to possession. he has shown sufficient right in himself to maintain the action. [34 Cyc., p. 1386; American Metal Co. v. Dougherty, 204 Mo. 71, 102 S. W. 538.]

There can be no doubt but that during the first five days after receiving the certificate of title properly assigned from Finney, the plaintiff could offer anywhere the certificate showing his right to possession of the automobile, and in addition thereto showing his right to use Finney's number plates, if with written permission. Could it be argued that he lost his right to the possession of the automobile on the sixth day, or at the end of four months, as in this case, because he had not returned the certificate to the commissioner of vehicles? We think not. We think none of the cases relied on by defendant has gone that far. The motor vehicle law specifically provides that the purchaser shall return the assigned certificate before he can obtain a certificate issued to him, and that he does not have a right to operate the motor vehicle until the certificate is obtained, and using the vehicle without compliance with these regulations is a violation of the criminal laws of our State, and public policy might demand that such a violation of the regulations as in this instance justifies a criminal prosecution, but that is not the determining factor in this case.

So far as we have been able to determine this is the first instance in which the courts of our State have been called upon to pass on

the effect of the failure of an assignee of a motor vehicle and the properly assigned certificate of title to return the certificate to the commissioner of motor vehicles.

We think that public policy demands a strict compliance with that law, and that there should be vigorous prosecution of those who violate it, but we cannot reach the conclusion that a certificate of title properly signed, acknowledged and delivered to the purchaser of a motor vehicle is not some evidence that the assignee is entitled to the possession of the motor vehicle assigned, and we think the court committed error when he excluded it from the jury and committed no error when a new trial for that reason was granted.

The judgment is affirmed. *Cox, P. J.,* and *Bailey, J.,* concur.