BENJAMIN P. FINNEY, Respondent, v. SAMUEL B. RAUDABAUGH, Appellant.

Springfield Court of Appeals, June 27, 1914.

1. **COUNTERCLAIMS: Restrictions On: What May be Set Off.** Counterclaims are restricted by statute to those arising: (a) from a cause of action arising out of the contract or transaction set forth in the petition as a foundation of plaintiff's claims or connected with the subject of the action; (b) in an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action. [Citing Section 1807, R. S. 1909.]

2. ————: **What May be Set Off: Restrictions: Same Transaction.** Under the statutory provision that a counterclaim is allowed of a cause of action arising out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim or connected with the subject of the action, it is no objection to a counterclaim that plaintiff's action is for tort and the counterclaim on contract or vice versa if both arise from the same transaction or if they are connected with the same subject-matter of the action. If they arise from the same transaction one may be legal, the other equitable, one for liquidated, the other for unliquidated damages, one *ex contractu*, the other *ex delicto*. [Citing section 1807, R. S. 1909.]

3. ————: **Restrictions: Distinct and Separate Transactions: Pleadings.** Action in tort for alleged wrongful conversion by defendant of certain hay owned jointly by plaintiff and defendant. Defendant filed counterclaim stating that plaintiff owed defendant for certain money loaned and seed converted to plaintiff's use and for damages occasioned by reason of plaintiff's failure "to tend and cultivate the land of the defendant which plaintiff had rented and agreed to cultivate." *Held*, that a motion to strike out the last item was properly sustained since the two transactions were distinct, the pleadings failing to disclose any connection. [Citing sections 1807, and 1866, R. S. 1909.]

4. ————: **Statutory Restrictions: Essentials: Contracts: Torts.** Only where the cause of action and counterclaim grow out of the same transaction has the defendant a right to set up in his answer by way of counterclaim or set-off a demand *ex contractu* against one *ex delicto* or vice versa. With this exception the debts must be mutual and counterclaims are

confined to cases where the action and cross-action arise on contract.   [Citing section 1807, 1866, R. S. 1909.]

5. **PLEADINGS: Set-off and Counterclaim: Pleadings Examined.** Pleadings as to counterclaim examined relative to certain items therein contained and considered not to state facts sufficient to constitute a cause of action.

Appeal from Butler Circuit Court.—*Hon. J. P. Foard,* Judge.

AFFIRMED.

*Whaley & Ing* and *Puckett & Tyson* for appellant.

(1) Plaintiff, by waiving the contract and suing in tort, could not deprive the defendant of any right he would have had if the suit had been brought on the contract.   If the suit had been brought on the contract, defendant could have filed, as a counterclaim, any demand relating to the contract upon which he could have instituted an independent suit at the time.   McCuin v. Frazier, 38 Mo. App. 63.   (2) A counterclaim may be interpleaded as a defense whether plaintiff's action be for tort or upon contract, if it arises out of the same transaction or be connected with the subject of the action.   Bowman & Co. v. Lickey, 86 Mo. App. 47; Transportation Co. v. Boggiano et al., 52 Mo. 294; Ruth v. McPherson, 150 Mo. App. 704; Miller v. Crigler, 83 Mo. App. 395; Ashby v. Shaw, 82 Mo. 76; McAdow v. Ross et al., 53 Mo. 199.   (3) All independent express contracts, whether liquidated or unliquidated are the subjects of counterclaim; and in all that class of cases in which a tort has been suffered and the law permits the sufferer to waive the tort and sue in assumpsit, and he prefers the latter then a counterclaim may be made arising under the same contract. And where the actor elects to sue in tort, springing out of a contract pleading as inducement, the defendant should be allowed a counterclaim growing out of

plaintiff's breach of that contract. Kamerick v. Castleman, 23 Mo. App. 481; Barnes v. McMullins, 78 Mo. 260.

*E. R. Lentz* for respondent.

(1) The clause of the defendant's answer which was stricken out by the court was properly stricken out, for the reason that the clause which is alleged to be a counterclaim, does not state facts sufficient to constitute cause of action. The code contemplates that a cause of action should be stated in a plain concise way, consisting of facts constituting it. Rev. Stat. 1909, Sec. 1806-7; Mark v. Cooperage Co., 204 Mo. 261. (2) The motion to strike out the counterclaim interposed in the fourth paragraph of defendant's answer, was properly sustained because this clause states no facts which would entitle defendant to recover. It was properly stricken out for the further reason, that plaintiff's action was in tort while the counterclaim is alleged to be on contract and there is no showing that it arose out of the same transaction as plaintiff's cause of action. Rev. Stat. 1909, Sec. 1807; Ruth v. McPherson, 150 Mo. App. 704, 131 S. W. 474; Bowman v. Lickey, 86 Mo. App. 58; Miller v. Crigler, 83 Mo. App. 401; State ex rel. v. Guaranty Co., 135 Mo. App. 165. (3) No counterclaim for unliquidated damages against plaintiff's action in tort unless it grew out of the same transaction as that upon which plaintiff's cause of action is founded. The counterclaim pleaded makes no such showings and was properly stricken out. See authorities under last point.

STURGIS, J.—Plaintiff alleged in his petition that he and defendant were joint owners of some hay, each owning one-half, and that defendant unlawfully and wrongfully converted same to his own use to plaintiff's damage, etc. Defendant answered, denying these

allegations and by way of counterclaim states that plaintiff is indebted to defendant for certain items of money loaned and for seed converted to his own use, and this item: ''To damages due defendant by reason of plaintiff's failure to properly tend and cultivate the land of defendant which plaintiff had rented and agreed to cultivate; in the sum of $204.65.'' The plaintiff filed a motion to strike out this item, assigning the reason that same ''is for unliquidated damages, and is not the subject for counterclaim or set-off herein.'' The court sustained this motion and defendant excepted. The answer being freed of this item of the counterclaim, the case was tried without error and to the satisfaction of both sides so far as this record indicates, and resulted in a verdict for plaintiff for $52.13 on his cause of action and for defendant on his counterclaim for $12.25. The court rendered judgment for plaintiff for the difference.

. The defendant's motion for new trial complains of only one ground of error, to-wit, the court's action in striking out the above-mentioned item of his counterclaim. This is the sole point for our consideration.

Each party relies on our statute with reference to counterclaims which restricts same to those ''arising out of one of the following causes of action: First, a cause of action arising out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim, or connected with the subject of the action; second, in an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action.'' [Section 1807, Revised Statutes 1909.] It is evident that plaintiff's action is one sounding in tort, to-wit, for the conversion of personal property; while defendant's counterclaim is based on a contract, to-wit, an agreement to cultivate land. Under the first subdivision of the statute it is no objection to a counterclaim that plaintiff's cause of action is for tort and the counterclaim on

contract, or *vice versa,* provided both arise from the same transaction or be connected with the same subject-matter of the action. If the action and cross action arise from the same transaction, it does not matter that one be legal and the other equitable; that one be for liquidated and the other for unliquidated damages; or, that one be in its nature *ex contractu* and the other *ex delicto.* [Miller v. Crigler, 83 Mo. App. 395, 401; Ruth v. McPherson, 150 Mo. App. 694, 704, 131 S. W. 474; Bowman & Co. v. Lickey, 86 Mo. App. 47, 59.]

In the present case there is nothing to show that the plaintiff's failure to cultivate land, the subject-matter of the counterclaim, had any connection with defendant's conversion of plaintiff's hay. There is certainly no necessary or apparent connection. If there be a connection in fact there is nothing in the pleadings to disclose such fact and the court in sustaining the motion to strike out acted on the pleadings as same were presented to him. From the meager evidence given, were that the proper test, it appears that the hay converted did not grow on the land plaintiff agreed to cultivate and the contract to cultivate land for defendant was not made in connection with the hay transaction. The two transactions are distinct. Defendant's counterclaim cannot therefore be held proper because growing out of the same transaction which is the subject-matter of plaintiff's cause of action. [Barnes v. McMullins, 78 Mo. 260, 269.]

Except in cases where the cause of action and counterclaim grow out of the same transaction, our statutes, both as to counterclaims, section 1807, supra, and set-off, section 1866, Revised Statutes 1909, do not give a defendant the right to set up in his answer by way of counterclaim or set-off a demand *ex contractu* against one *ex delicto,* or *vice versa.* With the exception noted, it is only where there are mutual *debts* that one may be set-off against the other and counter-

claims are confined to cases where both the action and cross action arise on contract. [Caldwell v. Ryan, 210 Mo. 17, 25, 31, 108 S. W. 533; State ex rel. v. Fidelity & Guaranty Co., 135 Mo. App. 160, 163, 115 S. W. 1081.] In the Caldwell case, supra, the plaintiff, as here, sued for the conversion of personal property, an action *ex delicto,* and defendant sought to set-off a judgment he held against plaintiff, a demand *ex contractu.* The court said: "The ground on which the set-off should have been denied is that the defendant's claim is in contract, that is, in judgment, while the plaintiff's claim is in tort," and Judge LAMM, concurring in the holding that a judgment held by defendant against plaintiff, being on contract, could not be pleaded by answer as a set-off against an action in tort for conversion of two mules, very pertinently adds: "If A. sues B. for damages for assault and battery, B. may not by answer set-off a promissory note or a judgment debt against A.'s claim for the tort."

Plaintiff's point is also well taken that, treating the motion to strike out as in the nature of a demurrer, the counterclaim does not as to this item state facts sufficient to constitute a cause of action.

It follows, therefore, that the court very properly sustained the motion to strike out and the judgment is affirmed.

*Robertson, P. J.,* concurs. *Farrington, J.,* concurs.