WALTER LEE DROWN, APPELLANT, v. CLAUD TOUGH ET AL., RESPONDENTS.—38 S. W. (2d) 736.

Kansas City Court of Appeals. April 6, 1931.

*A. J. King* for appellant.

*Richard K. Phelps* for respondent.

ARNOLD, J.—This is an action in replevin, seeking the return to plaintiff of two promissory notes and the release and cancellation of a deed of trust securing one note for $300, and the release and cancellation of a chattel mortgage securing the other note for $550.

The suit arose out of a transaction involving the exchange of motor cars between the parties, all residents of Nevada, Vernon County, Missouri. Defendant Claud Tough is a dealer in automobiles and defendant Ola Tough is his wife. Defendant Harry Wood is an automobile salesman. Parties are not of one mind as to the facts, but, briefly stated, the undisputed elements thereof are as follows: Defendants, by their combined efforts, entered into an agreement with plaintiff to exchange an Essex sedan which was the property of Claud Tough, for an Essex coach belonging to plaintiff, both being second hand or used cars. The agreed difference in value was $550, in favor of the sedan, and for this amount plaintiff executed his note to be paid in small monthly payments extending over a considerable period of time, and for the payment of which a chattel mortgage was executed by plaintiff on the sedan.

Defendants' testimony is to the effect that because of the small deferred payments, extending over a long period, further security was demanded and to cover the same an additional note for $300, secured by a deed of trust on a piece of real estate owned by plaintiff in Nevada, was executed by plaintiff on the same date; and on the same day the chattel mortgage and deed of trust were placed of record in the office of the recorder of deeds of Vernon County. A provision was placed on the back of the $300 note that the said note and deed of trust were void when and if the $550 note was paid. It appears of record that at the time the aforesaid documents were executed the sedan was turned over to plaintiff and he used it for a few days, at the end of which time it was returned to defendants for repairs at their expense. It further appears, as stated by defendants, the sedan was sent to Kansas City, Mo., for that purpose. At this point the evidence in behalf of plaintiff and that of defendants is contradictory, plaintiff's testimony being that the reconditioning was to be completed within four days or a week and that the car was sent to Kansas City without plaintiff's consent, while defendants' testimony is that the car, in fact, was sent to Kansas City with plaintiff's full knowledge and consent, and the repairs were to be made within a reasonable time.

The documents were executed on June 17, 1929, and the car was not returned to Nevada until about July 30, 1929, at which time Claud Tough came to Kansas City and took the car back to Nevada and endeavored to make delivery to plaintiff who refused to receive it. Plaintiff testified that every few days after the expiration of the week in which the car was to have been delivered to him, he asked to have delivery made. Defendants' testimony is that, as per agreement, during this delay they furnished plaintiff a car for his use. Plaintiff states the car furnished was unsatisfactory. It is of record that, after waiting one month and nine days for delivery of the sedan, plaintiff caused to be served on Claud Tough a written

notice demanding return of the notes and the release and cancellation of the chattel mortgage and deed of trust. This demand being refused, plaintiff filed his first petition herein on July 26, 1929. After service on defendants of the petition, the car was produced, as above stated.

On August 14, 1929, plaintiff filed his first amended petition, upon which the cause was tried, sounding in both law and equity. The petition alleged the facts relative to the execution of a set of papers, about which he knew nothing at the time and did not know what they contained; that he was told by defendants they were for the sedan; after signing the papers he was told defendants could not deliver the car for at least four days but it would be delivered within a week; that defendants were having some repairs done and "the repairs would be here in a short time." That he called upon Claud Tough for the car after four days and time and again after a week had expired and up until July 26, 1929, but that during all of said time no car was delivered to him; that shortly after signing the papers aforesaid, he learned that one of them was a note for $300, secured by a deed of trust on his home in Nevada, Mo., and payable on demand; that the other paper he signed "proved to be a cut throat chattel mortgage," dated June 17, 1929, securing the payment of $550 in installments, and was filed for record on the same day.

The petition alleges plaintiff has never at any time been offered or had tendered to him an Essex sedan by defendants or anyone else for the said notes aggregating $850; that after waiting one month and nine days, plaintiff caused written notice to be served on Claud Tough demanding return of said notes, and the release and cancellation of the deed of trust and mortgage notes, but that defendants refused to return said notes to plaintiff and now hold the same without any consideration whatever; that during all of said time, from June 17, 1929, to date of filing the petition, plaintiff's premises have been encumbered by said deed of trust; that said notes, deed of trust and mortgage were fraudulently obtained and cite a consideration of $300 more than was ever mentioned in the conversation relative to the deal. Plaintiff pleads that by virtue of section 2249, Revised Statutes 1919, he is entitled to have and recover of defendant, Claud Tough, ten per cent of the $850, without tendering costs of the satisfaction of said mortgage, because of defendants having fraudulently had the same recorded and because the contract of sale or exchange was void from the beginning because of fraud; that he has been unable to sell or mortgage his property so encumbered by said deed of trust; that his credit has been greatly impaired by the recording of said instrument and that he is damaged in the sum of $100 thereby; that he has been at great expense in the employment of attorneys to bring this action and has been greatly damaged thereby; that defendants conspired and confed-

erated together to cheat and defraud plaintiff out of his said automobile and $850, without any consideration whatever; that plaintiff is lawfully entitled to possession of said notes and to have said deed of trust and chattel mortgage released of record; that said notes are negotiable and have not been seized under any process; that for the fraudulent taking and detention of said notes and mortgages, after demand therefor, plaintiff has been damaged in the sum of $210; that he will become in danger of losing said notes and mortgage unless taken out of the possession of said defendant Claud Tough and released of record. The prayer is for the recovery of said notes, deed of trust and chattel mortgage and the release thereof of record, and the sum of $210 for the taking and detention of the same, and all damages sustained by him.

To this petition defendants demurred, upon the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled and defendants answered. The answer consists of a general denial of all matters contained in the petition except certain specific admissions; and, as affirmative defense, alleges that on June —, 1929, plaintiff and defendants entered into a contract by which plaintiff was to exchange his Essex coach for an Essex sedan of defendants; that a difference of $550 in favor of defendants was agreed upon; and it was further agreed defendants were to have the sedan overhauled and put in good shape at their own expense and delivered to plaintiff within a reasonable time; that it was understood the sedan would be sent to Kansas City for repairs; that the difference between them, $550, was represented by a promissory note signed by plaintiff and secured by a chattel mortgage on said sedan, in favor of defendant Claud Tough, the same to be paid in installments covering a period of two years; that on account of possible damage and depreciation of said sedan, defendants asked for additional security in the form of a deed of trust upon the property described in the petition, and that said deed of trust was made solely as collateral security to the chattel mortgage referred to, and that it was so understood by the parties, and that said deed of trust is now of record in Vernon County, Missouri; that for some reason the machine company to which the car was sent for repairs did not have same ready for delivery until a later time than was anticipated but that it was ready some time in July, 1929, and defendants delivered it to plaintiff, but plaintiff refused to accept delivery and attempted to repudiate the contract; that defendants expended on the repairs of the car the sum of $125, and have been deprived of the use of said car and of any other opportunity to sell same; that during the time said car was undergoing repairs defendants placed two cars at the disposal of plaintiff and tendered plaintiff any car defendants then had for plaintiff's use, until such time as the sedan was ready for delivery; that throughout

the transactions detailed, defendants had acted in utmost good faith and are now ready, willing and able to comply with and carry out each and every term, condition and obligation assumed by them in said contract.

The reply was a general denial. The cause was tried to the court and a jury, resulting in a verdict, signed by nine jurors, in favor of defendants, and judgment was accordingly entered. A motion for new trial was overruled and plaintiff has appealed.

Four charges of error are presented and discussed under points and authorities, the first of which is to the effect that in the contract, of which time was the essence, defendants agreed the sedan would be repaired and delivered to plaintiff within four to seven days. The principle of law urged is that where a party, by contract, creates a charge or duty on himself, he is held liable thereon, notwithstanding any accident or inevitable necessity, because he might have provided against it by his own contract, citing City of Maplewood v. Investment Co., 267 S. W. 63, 66; Bonnett Brown Sales Service v. Klepper, 265 S. W. 993, and others supporting the same rule. Defendants do not attempt to refute this well-established principle of law. Plaintiff's application of the rule, as presented in his printed argument, would seem to be that defendants agreed to deliver the car within four days, or a week at the outside and were bound to make good this promise. However, there is a sharp dispute on this element of the contract, as presented by opposing litigants. Defendants insist the contract specified delivery should be made within a "reasonable time." There was presented, therefore, a controverted issue of fact for the jury to solve,—treating this as a law case which parties seem to have done in the trial. We cannot, of course, pass upon the weight of the evidence. The point is ruled against plaintiff.

The same ruling applies to plaintiff's second point, to the effect that where time is of the essence of the contract, replevin will lie to recover a chattel held by the party who has failed to perform his contract. In this connection it is urged, if the consideration has failed, the party may rescind. Neither is this principle of law refuted and it may be accepted as stating the correct rule.

Under still another point it is urged the purchaser of an automobile, without a certificate of title furnished at the time of delivery, is entitled to rescind or repudiate the contract and recover the money or thing paid, the sale being in violation of section 18 of the Motor Vehicles Act, Session Laws 1927, p. 311, et seq. Citing Boyer v. Garner, 15 S. W. (2d) 893. It is true the statute relative to the sale or exchange of an automobile is mandatory and must be strictly construed. Parties seem to be in accord on one proposition in this respect, to-wit, that a certificate of title need not pass at the time the contract is made; that it must pass on delivery. Such a rule is accepted as properly declaring the law. Title passes upon de-

livery of the certificate of title. Plaintiff urges that no certificate of title ever passed or was tendered, either when the contract was entered into, or when defendant attempted delivery of the repaired car.

Defendants insist, and in this they are supported by the evidence, that when the contract was made, defendant Claud Tough asked plaintiff to go with him to Tough's home where the certificate was and that it would be delivered to him; that plaintiff was in a hurry and did not go and he was told the certificate would be left "at the store" for him; that he never called for it, and that this constituted "constructive delivery." There is no contention on the part of defendants that the certificate was thereafter tendered to plaintiff. Defendants urge a contract for exchange of cars is good even though no title passes at the time the contract is made. This must be accepted as good law in respect to the contract, as a contract; that is to say it does not void the contract if its terms be carried out otherwise, and where the contract provides for delivery of the car, the certificate then must be delivered to make good the contract. We fail to find any controverted issue as to the actual non-delivery of the certificate of ownership. Defendants urge plaintiff has no right to raise this question on appeal because failure to deliver the certificate of title was not pleaded in the petition and was not raised in the motion for a new trial.

This position is correct. The petition does not present the issue of non-delivery of the certificate of title. Clearly, then, plaintiff was not entitled to instruction No. 1, given by the court, submitting this issue to the jury. But having been submitted by him, the finding of the jury in this respect must stand and plaintiff may not be heard to complain. The petition does plead failure of consideration and this question was submitted to the jury. While the evidence as to the agreement for repairs is a bit conflicting, there was substantial evidence in defendants' behalf that they were to be allowed a reasonable time therefor. It is true plaintiff testified positively the contract was the repairs should be completed in four to seven days, yet the jury was not bound to believe the testimony of either party. Evidently they believed defendants' testimony and we are bound by their finding in this respect. Moreover, the testimony shows that after the car was repaired and returned to Nevada, defendants offered it to plaintiff. He could have had it then, but he refused.

In his petition plaintiff charges fraud and conspiracy on the part of defendants and on this point he testified to the effect he signed the documents described in the evidence without knowing what was in them. There is no showing plaintiff could not read or write. It is the law that it was the duty of plaintiff to know what he was signing. The jury was warranted, under the evidence, in concluding

conspiracy and fraud were not established. The question of consideration was likewise determined against plaintiff's contention and we are not authorized to disturb the finding of the jury in this respect. [Morris v. Cement Co., 19 S. W. (2d) 865, 872; Olney v. Pub. Serv Co., 19 S. W. (2d) 534, 540.]

Plaintiff also complains it was error for the court to have admitted testimony as to the cost of repairs on the car, over his objection. This question was not raised in the motion for a new trial and questions not so raised cannot be considered on appeal. [Lynch v. Tel. Co., 18 S. W. (2d) 535.] We find no reversible error of record and the judgment is accordingly affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.