# OCTOBER, 1937.

Wm. O. Hoshaw, Executor of the Estate of John E. Hoshaw, Deceased, Respondent, v. Hallie Fenton, Appellant.—110 S. W. (2d) 1140.

Springfield Court of Appeals. December 7, 1937.

138

*F. P. Sizer, Wm. J. B. Myers* and *Clarence E. Reed* for appellant.

*Gardner & Gardner* and *McPherson & Stemmons* for respondent.

FULBRIGHT, J.—The executor of the estate of John E. Hoshaw, deceased, brought an action in replevin in the circuit court of Lawrence County, returnable to the January term, 1936, thereof, to recover an automobile. On the first day of the said January term defendant filed her answer and counterclaim, which said counterclaim was stricken upon motion of plaintiff. An amended answer and reply were filed, and trial was had before the court on January 21, 1937, resulting in a judgment for plaintiff, and an appeal was duly taken by defendant.

The petition in replevin is in conventional form. The answer was a general denial, and by way of counterclaim, defendant asked for a judgment for $3800 which she claimed was due her for services rendered John E. Hoshaw during his lifetime. Over the objection of defendant the court sustained plaintiff's motion to strike the counterclaim. The amended answer thereafter filed was substantially the same as the original except as to the counterclaim. By way of a new defense, defendant invoked the equitable jurisdiction of the court, and

asked that the court declare that the plaintiff holds legal title to the said automobile in trust for her.

John E. Hoshaw died October 13, 1935, and thereafter plaintiff qualified as executor of his will. As such executor, plaintiff demanded of defendant the automobile in controversy which defendant had in her possession. This demand was made by virtue of a copy of the original title to the automobile which was then on file with the commissioner of motor vehicles of Missouri, the copy being in the hands of plaintiff. Upon defendant's refusal to deliver possession, this action was instituted. Subsequently, plaintiff obtained a transfer of title to the automobile, and a new certificate was issued to him personally, and he has had possession and use of the automobile since that time.

The evidence discloses that the defendant, Hallie Fenton, worked for John E. Hoshaw for a number of years preceding his death, rendering services of various kinds, such as driving him in his car, nursing and caring from him when he was sick, cooking his meals, and doing his secretarial work; that deceased was an elderly man, about eighty years of age, and that during the later years of his life, had two or three serious operations. On September 22, 1935, the defendant drove John E. Hoshaw to a hospital in Springfield in a new Dodge automobile which he had recently purchased. After taking Mr. Hoshaw to the hospital, Miss Fenton returned to Mt. Vernon in the car. On September 24, she and Mr. Wilder went back to the hospital in Springfield in the car, and while there, Mr. Hoshaw gave her the following paper:

"September 24, 1935.

"I hereby assign and give to Miss Hallie Fenton my Dodge car as part payment of what I owe her for services rendered all these years. As soon as I get my title transferred, will assign it to her.

"John E. Hoshaw."

John Fenton testified that Mr. Hoshaw told him that the car was Hallie Fenton's. Mr. Chandler testified: "I remember the incident of Mr. Hoshaw trading for a new automobile. I remember it because I didn't know he was figuring on trading until I went home at night and he said, 'I have got a new car in the garage. Would you like to see it?' I went out with him and looked at the car and Mr. Hoshaw said he aimed to give the car to Miss Fenton. . . . He said that the reason why he bought a new car was for her."

Certificate of title in the name of John E. Hoshaw, dated September 18, 1935, was introduced, on the back of which appears the assignment by W. O. Hoshaw, executor of the estate of J. E. Hoshaw, deceased, to W. O. Hoshaw. A certificate was also introduced showing the car duly registered and issued to John E. Hoshaw, of Mt. Vernon. There was evidence introduced in an effort to show that John E. Hoshaw, deceased, at the time of signing the purported as-

signment to Miss Fenton, was not mentally capable of transacting business, and there was some testimony to the contrary.

The grounds upon which defendant seeks a reversal of this case are embodied in six assignments of error, as follows:

"1. Because the court erred in declaring, as a matter of law, that the plaintiff did not hold the title to the automobile as a trust for Miss Fenton and that she had equitable title which entitled her to possession.

"2. Because the court erred in holding that the plaintiff was entitled to the possession of said Dodge car, and erred in holding that the transfer of title was not done as provided by law. The title to the car was not an issue in the case.

"3. Because the court erred in admitting the evidence of Dr. Wills and Miss Dodd on the question of sanity and whether or not John E. Hoshaw was capable of transacting business, and because the court failed to strike this evidence from the records as requested by defendant.

"4. Because the judgment and finding of the court is against the law and the evidence, and weight of evidence and the law governing this case. The judgment should have been for the defendant.

"5. Because the court erred in admitting incompetent evidence for the plaintiff over the objection of the defendant and such evidence was improper under the pleadings.

"6. Because the court erred in striking the defendant's counterclaim for services rendered to John E. Hoshaw, and because the court failed to consider said counterclaim as an equitable defense."

The third and fifth assignments are of a kindred nature, and will be considered together. We think the court erred in admitting testimony relating to the sanity of John E. Hoshaw. Whether he was mentally competent or not could in no way affect the result of this case, and it clearly appears from the record that this testimony had nothing to do with the findings of the trial court. The error was harmless, and we would not be justified in reversing the case on that ground.

To support her sixth assignment, which we shall consider next, defendant relies upon one of the provisions of section 777, Revised Statutes Mo. 1929, which provides that a counterclaim may be set up in "a cause of action arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action." Defendant's counterclaim is based upon the rendition of services by her to the deceased, John E. Hoshaw, during a number of years preceding his death. The petition in this case is an ordinary petition in replevin to recover possession of an automobile. We are unable to reach the conclusion of defendant that this counterclaim based upon services rendered John E. Hoshaw during his lifetime arises "out of the contract or

transaction set forth in the petition as the foundation of the plaintiff's claim," or that it "is connected with the subject of the action." We think the trial court ruled correctly in striking this counterclaim. [Finney v. Raudabaugh, 168 S. W. 314; Turner et al. v. Bank of Mountain View, 19 S. W. (2d) 19.]

The remaining three assignments, the first, second, and fourth, will be considered together. The first issue to be determined is whether or not the executor of the estate of John E. Hoshaw was entitled to the possession of the Dodge car. Replevin is primarily an action for possession of personal property, but incidentally, the question of title may become involved, and in such cases, plaintiff must recover, if at all, upon the strength of his own title and not because of defects in the title of defendant. [Leete v. State Bank of St. Louis, 141 Mo. 584, 42 S. W. 927.] The evidence discloses that John E. Hoshaw was the registered owner of the car, his certificate of title being dated September 18, 1935; that he died October 13, 1935; that Wm. O. Hoshaw thereafter qualified as executor of the estate of deceased, whereupon, no legal impediments intervening, he became entitled, as such executor, to the possession of all the personal property of deceased, including the Dodge car. Since plaintiff claims title, and the evidence discloses that he has title to the car, and defendant in her answer admits that he has the legal title thereto, he is therefore entitled to the possession of the car.

We can find no case in this jurisdiction, or in any other having statutes similar to ours, that lends encouragement to the theory that the legal holder of a title to an automobile can hold it in trust for another. Defendant cites many cases and quotes extensively therefrom in support of this theory. We find no fault with any of the cases cited, but do not think they are applicable to the case at bar. Personal property, other than automobiles, the transfer or sale of which is not governed by statutes such as the motor vehicle act, is the subject-matter of the cases cited. Defendant relies strongly upon the case of Wilkison v. Grugett, 20 S. W. (2d) 936, decided by this court, to show that the transaction between her and John E. Hoshaw did not have to comply literally with the provisions of section 7774, Revised Statutes Mo. 1929. That case is not in point. The facts therein disclose that the seller of the automobile in controversy de-livered the certificate of title with the proper assignment on the back thereof to the purchaser coincident with delivery of the automobile, complying, on his part, with the provisions of the statute relating to the sale of registered motor vehicles. The court held that in a replevin suit involving an automobile, certificate of title, properly signed, delivered by the seller and accepted by the purchaser of the car, was admissible as some evidence that the assignee was entitled to possession, notwithstanding that the assigned certificate was not returned to the commissioner of motor vehicles for registration of title. Neither is defendant sustained in her contention by any other case cited.

Section 7774, Revised Statutes Mo. 1929, sets forth clearly and unequivocably the steps to be taken in order to transfer title to a registered motor vehicle. Defendant admits that none of these provisions was complied with, and relies upon the instrument heretofore set out, which provided that the title would be transferred at a later date. The statute provides that a certificate of ownership with an assignment thereof must pass between the seller and buyer at the time of delivery of a motor vehicle. This was not done in the instant case. To hold that a title of any sort, legal or equitable, passed to Miss Fenton through the instrument signed by John E. Hoshaw would contravene the plain provisions of the statute, or at least impair the beneficent and salutary purpose of the Legislature in enacting it. By virtue of repeated holdings of the courts of our State, strict adherence to the statute has become a set rule of public policy. A sale of an automobile without an assignment or transfer of a certificate of title delivered at the time of delivery of the automobile is fraudulent, unlawful and void. Since to consummate a sale as is attempted in the instant case by the defendant is specifically condemned by statute, it cannot receive a more favorable consideration in a court of equity on account of any hardship it may work on defendant. As stated in the case of Weaver v. Lake, 4 S. W. (2d) 834, ''If the sale could be upheld on equitable grounds, the plain mandate of the statute referred to would be avoided and the beneficent purpose of that statute frittered away.'' [See also State ex rel. Connecticut Fire Insurance Co. v. Cox, 306 Mo. 537, 268 S. W. 87, 37 A. L. R. 1456; Drown v. Tough et al., 38 S. W. (2d) 736; Isaacson v. Van Gundy, 48 S. W. (2d) 208; Rankin v. Wyatt, 73 S. W. (2d) 764; Evens v. Home Ins. Co., 82 S. W. (2d) 111; In re Wroth's Estate, 252 N. W. (Neb.) 322; Enfield v. Butler et al., 264 N. W. (Iowa) 546.

Finding no reversible error, the judgment of the trial court is affirmed. *Allen, P. J.,* and *Smith, J.,* concur.