ANCHOR MILLING COMPANY, *Appellant*, v. WALSH.

1. **Appellate Jurisdiction:** AMOUNT INVOLVED. The prayer of the petition is not the only guide to determine the amount in dispute on a plaintiff's appeal where the damages, for which plaintiff asks compensation, are definitely ascertainable from instruments or accounts and plaintiff's evidence tends to show the exact extent thereof. When the supreme court is advised by the record of the real amount, the prayer of the petition will not be considered as determining it.

2. ———: ———: CASE ADJUDGED. Plaintiff sued for twenty-eight hundred dollars; his evidence showed him entitled to about eighteen hundred dollars; there was a finding for defendant and plaintiff appealed. *Held* the case was within the appellate jurisdiction of the court of appeals.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*G. M. Stewart* for appellant.

*A. R. Taylor* and *A. A. Paxson* for respondent.

BARCLAY, J.—The petition asserts (in substance) that plaintiff, as operator of a flour mill, engaged the defendant to do the necessary hauling for it at a stipulated price per hundred pounds, payable weekly; that settlements were made from time to time

| 97 | 287 |
| 98 | 247 |
| 97 | 287 |
| 44a | 276 |
| 97 | 287 |
| 112 | 24 |
| 97 | 287 |
| 59a | 65 |
| 97 | 287 |
| 130 | 290 |
| 130 | 334 |
| 97 | 287 |
| 138 | 449 |
| 97 | 287 |
| 162 | 238 |
| 162 | 567 |
| 97 | 287 |
| 167 | 536 |

on bills presented as correct by defendant and believed by plaintiff to be so, etc. ; but that plaintiff discovered that they were not correct ; that defendant, through mistake or fraud, had been thus overpaid twenty-eight hundred dollars, which had been demanded, etc., and for which judgment is asked.

The answer is a general denial. In the circuit court there was a trial and judgment for defendant. Plaintiff appealed.

At the hearing, plaintiff's evidence disclosed that its actual claim was for alleged errors or overpayments between July 1, 1883, and the close of dealings between the parties at the end of that year. The total amount thereof was $1,870.01 (according to plaintiff's own theory), as shown by its books and accounts. The instruction offered on plaintiff's behalf (as applied to the evidence) indicates that its real demand at the date of trial (December 24, 1885) did not exceed that sum with six per cent. interest thereon from the time the action was begun (January 12, 1884). Its aggregate claim, therefore, was for less than twenty-five hundred dollars when the judgment appealed from was rendered.

In this state of the facts, it is our duty to first determine whether the case comes within our jurisdiction. We cannot properly entertain it unless the "amount in dispute, exclusive of costs, exceeds the sum of twenty-five hundred dollars." Const. 1875, art. 6, sec. 12.

Here the plaintiff prayed judgment for twenty-eight hundred dollars. In many cases the prayer of the petition is a proper guide to determine the amount in dispute on plaintiff's appeal ; but it is not always the only one. Where the damages for which plaintiff asks compensation are definitely ascertainable from instruments or accounts and plaintiff's evidence tends to show the exact extent thereof, the court may gather from the whole record more light on the "amount in dispute" than the prayer for judgment affords. When, from

such sources of information, we are advised of the real amount, the prayer of the petition will not be considered as determining it. This we regard as the true intent and meaning of the constitution. The very language it employs in this connection is significant. It speaks of the "amount in dispute" instead of "the sum demanded," though the latter phrase had for years before been used in our laws to mark the limits of jurisdiction, when dependent on values. R. S. secs. 1102, 2836.

We think it was intended that the real, rather than the formal demand of plaintiff should be considered in determining our jurisdiction, when the record discloses both. *Kerr v. Simmons*, 82 Mo. 269. This ruling is in accord with decisions elsewhere on similar provisions of law. *Schacker v. Ins. Co.*, 3 Otto, 241 ; *Kurtz v. Hoffmann*, 65 Iowa, 260 ; *Buckner v. Metz*, 77 Va. 107 ; *Denegre v. Moran*, 35 La. An. 346.

We consider the case as falling properly within the jurisdiction of the St. Louis court of appeals. It is accordingly transferred to that court for further proceedings, with the concurrence of all the judges.