WOLFF, *Appellant*, v. MATTHEWS.

1. **Practice:** ACTION ON ACCOUNT: INTEREST. In an action upon an account for moneys alleged to have been furnished defendant, no interest is recoverable, in the absence of an agreement on the subject, prior to a demand for the amount on which interest is claimed, and this is so whether the items be regarded as comprising one current account or as separate demands.

2. ———: ———: ———. Personal service of process is a demand for the purpose of starting the running of interest.

3. **Appellate Jurisdiction:** AMOUNT INVOLVED: CONSTITUTION. By the expression "amount in dispute" the constitution means the amount of the real dispute at the time of the judgment appealed from.

*Appeal from St. Charles Circuit Court.*—HON. W. W. EDWARDS, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

PLAINTIFF is assignee of an account against defendant, made by a firm ( L. A. & Co. ) for moneys alleged to have been expended for defendant with interest on each of such items from its date. Defendant denied the claim generally. The trial resulted in judgment for defendant. Plaintiff appealed. Plaintiff's aggregate demand ( including the interest items ) as stated in the petition exceeds twenty-five hundred dollars. But from the record, made in the trial court, it is evident that the amount of his real demand was less than that sum at the time the judgment appealed from was rendered.

*Lackland & Wilson* for appellant.

*T. F. McDearmon* for respondent.

BARCLAY, J.—In an action of this nature no interest is recoverable ( in the absence of an agreement on the subject) prior to a demand for the amount on which interest is claimed.    Such a demand in this case was necessary to sustain a claim for interest whether the plaintiff's items be regarded as composing one current account or as separate demands. The personal service of process is a demand for the purpose of starting the running of interest but that would not raise the plaintiff's total claim, at the time of the judgment, to twenty-five hundred dollars.   No evidence was offered by plaintiff to support a recovery for sufficient interest to raise his demand to that sum.

We recently decided that, where the record disclosed plaintiff's claim as a liquidated one below the limit of our jurisdiction, the prayer of the petition for a greater amount would not be taken as indicating the "amount in dispute." By that expression the constitution means the amount of the real dispute at the time of the judgment appealed from.   *Anchor Milling Co. v. Walsh*, 97 Mo. 287.

It follows that this case is within the jurisdiction of the St. Louis court of appeals.   It is therefore transferred to that court for further proceedings, all the judges concurring except SHERWOOD, J., absent.