Stevens v. Crane.

---

CHARLES D. STEVENS, Appellant, v. NEWTON CRANE Respondent.

<div style="float:right">44 275<br>57 220</div>

St. Louis Court of Appeals, March 24, 1891.

Practice, Appellate. It is the duty of this court to follow the application by the supreme court of its own declaration of the law, when there is a seeming conflict between the declaration and the application thereof thus made.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

TRANSFERRED TO THE SUPREME COURT.

*W. B. Thompson*, for appellant.

*E. W. Pattison*, for respondent.

ROMBAUER, P. J.—The plaintiff sues for breach of contract, and lays his damages in the petition at $3,000. Upon the trial he gave evidence tending to show a

right of recovery to the extent of $1,900.05 and interest, provided his theory of the law was correct. The suit was instituted January 21, 1885, and tried on the thirteenth day of May, 1890, and it thus appears that, according to the claim made by plaintiff's evidence, including interest up to the date of trial, a recovery of $2,505.78 would have been warranted. The plaintiff did recover a verdict and judgment for $66, from which he appeals. The plaintiff now moves for a transfer of the cause to the supreme court on the ground that the amount in dispute is in excess of the jurisdiction of this court.

" The amount in dispute, by which the jurisdiction of the appellate court is determined, is not necessarily fixed by the amount of the judgment appealed from ( *State ex rel. v. Court of Appeals*, 87 Mo. 569 ), nor by the amount claimed on the cause of action sued upon ( *Kerr v. Simmons*, 82 Mo. 269 ), but by the amount that remains in dispute between the parties, on the appeal, and subject to determination by the appellate court of the legal questions raised on the record ; to ascertain which the appellate court is not confined to an examination of the judgment only, or the pleadings in the case, but may look into the whole record." *State ex rel. v. Lewis*, 96 Mo. 148. The same view was taken by this court in *Matthews v. Danahy*, 25 Mo. App. 354, and by the supreme court in the later cases of *Anchor Milling Co. v. Walsh*, 97 Mo. 287, and *Wolff v. Matthews*, 98 Mo. 246.

Applying the law thus stated by the supreme court to the facts of this case, and it would seem that the amount placed in dispute by this appeal, at the date of the verdict and judgment was $2,439.75, the difference between $66, the amount of actual recovery, and $2,505.78, the greatest possible amount of recovery warranted by the plaintiff's evidence, and that hence this court has final appellate jurisdiction. On the other hand, applying the law as the supreme court has applied

it in the case of *State ex rel. v. Lewis, supra*, and it would seem that the supreme court has jurisdiction. In a case of seeming conflict between the declarations of law made by the supreme court, and their application by that court to the point in judgment, it is our duty to give effect to the latter, on the theory that the supreme court best knew what its declaration meant. It is ordered that the plaintiff's motion be sustained and the cause transferred to the supreme court. All the judges concur.