LESTER C. BEASLEY, Appellant, v. GUS N. ATHENS, DELLA ATHENS and ANGELO GANOS, Co-Partners, Doing Business as BLUE JAY CAFE, Respondents, No. 44323—277 S. W. (2d) 538.

Division Two, April 11, 1955.

*Donald L. Randolph* for appellant.

*William H. Ergovich* and *Charles A. Darby* for respondents.

[**538**] BOHLING, C.—Lester C. Beasley sued Gus N. Athens, Della Athens and Angelo Ganos for damages for personal injuries for an assault and battery. The jury returned a verdict for the defendants and judgment was entered thereon. Plaintiff has appealed, claiming error in giving an instruction and restricting his counsel in argument.

Plaintiff, to vest jurisdiction of the appeal in this court, states "the amount in controversy exceeds the sum of $7,500." Mo. Const. Art. V, § 3; RSMo 1949, § 477.040. Like statements have been considered insufficient. State ex rel. v. Schade, Mo., 265 S. W. 2d 383, 384[1]; Schoenhals v. Pahler, Mo., 272 S. W. 2d 228, 229[1].

The transcript of the record, so far as material, sets out the pleadings; states that "plaintiff, to sustain the issues in his behalf, offered evidence, both oral and documentary" and "defendants, to sustain the issues in their behalf, offered evidence, both oral and

documentary"; sets out the instructions; the opening and closing arguments on behalf of plaintiff; the verdict; the judgment; the motion for new trial and ruling thereon; the taking of the appeal, [539] and the agreement to and approval of the transcript by the attorneys for the litigants and its approval by the court.

Plaintiff, in his petition, asked $5,000 actual and $5,000 punitive damages. Ordinarily, this being an action for monetary relief, plaintiff's prayer would vest appellate jurisdiction here. Higgins v. Smith, 346 Mo. 1044, 144 S. W. 2d 149, 152; Simmons v. Friday, 359 Mo. 812, 224 S. W. 2d 90, 93. However, the petition is not conclusive on the amount in dispute. Wagner v. Mederacke, 354 Mo. 977, 192 S. W. 2d 865, 866; Bell v. Wagner, Mo., 169 S. W. 2d 374. The courts of appeals are courts of general appellate jurisdiction. This court is a court of limited appellate jurisdiction. Our jurisdiction must affirmatively and with certainty appear upon the record of the trial court at the time the appeal is granted, and may not rest in speculation and conjecture as to the amount involved. Cases supra; Ashbrook v. Willis, 338 Mo. 226, 89 S. W. 2d 659[4-6]; Lemonds v. Holmes, 360 Mo. 626, 229 S. W. 2d 691, 692; Higgins v. Smith, 346 Mo. 1044, 144 S. W. 2d 149, 151[5, 6].

Counsel for plaintiff in speaking to plaintiff's damages in his argument stated plaintiff had not sustained any "permanent disabling" physical injuries; that plaintiff's chief injuries were to his feelings and humiliation and the pain he suffered when thrown on the sidewalk and his face, elbow, hand and knee were scratched, and his suffering from the knee for sometime; that he was not asking the jury for $10,000; that, in effect, if they gave plaintiff $10,000 a remittitur would be entered, and: "I think he is entitled to $1,000 actual damages and $1,000 punitive damages in this case." This was plaintiff's trial theory on the issue.

In Vanderberg v. Kansas City, Mo., Gas Co., 199 Mo. 455, 458, 97 S. W. 908, when this court had jurisdiction of appeals involving over $4,500, plaintiff asked $5,000 actual and $5,000 punitive damages. The record disclosed the actual damages were small and punitive damages not recoverable. We there held that, whenever necessary to preserve the constitutional integrity of this court, we reserve to ourselves the right to pierce the shell of the pleadings, proofs, record, and judgment sufficiently far to determine that our proper jurisdiction is not infringed upon, or improper jurisdiction is not foisted upon us by design, inadvertence, or mere colorable and not real amounts. Parties do not have the unbridled whimsical power to control appellate jurisdiction by a mere stroke of the pen in their pleadings. Wagner v. Mederacke, Bell v. Wagner, Ashbrook v. Willis, all supra; Buddon Realty Co. v. Wallace, Mo., 188 S. W. 2d 28, 29; Pittsburg Bridge Co. v. St. Louis Transit Co., 205 Mo. 176, 103 S. W. 546;

Wolff v. Mathews, 98 Mo. 246, 11 S. W. 563; Mathews v. Danahy, 25 Mo. App. 354. See Baer v. Baer, 364 Mo. 1214, 274 S. W. 2d 298.

The amount in dispute under the pleadings would vest appellate jurisdiction here. But looking deeper, it is not so. Under plaintiff's trial theory he was entitled to recover $1,000 actual and $1,000 punitive damages. To say under the transcript before us that the amount in dispute is more and in excess of $7,500 would rest in speculation and conjecture, an amount of color and not of substance. The record does not affirmatively and clearly show that we have jurisdiction.

We might have disposed of the appeal on the merits without greater difficulty; but usurpations of power by a court of last resort under a constitutional government should not knowingly occur. Vordick v. Vordick, 281 Mo. 279, 284, 219 S. W. 591, 592.

The cause is transferred to the Kansas City Court of Appeals. *Barrett* and *Stockard*, CC., concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. *Leedy*, P.J., and *Dew*, Special Judge, concur.