Lester C. BEASLEY, Appellant,

v.

Gus N. ATHENS, Della Athens and Angelo Ganos, Co-partners doing business as Blue Jay Cafe, Respondents.

No. 22340.

Kansas City Court of Appeals.

Missouri.

Nov. 7, 1955.

Donald L. Randolph, Kansas City, for appellant.

Wm. H. Ergovich, Chas. A. Darby, Kansas City, for respondents.

BROADDUS, Judge.

Plaintiff, Lester C. Beasley, sued the defendants Gus N. Athens, Della Athens and Angelo Ganos for damages for personal injuries for an assault and battery. The jury returned a verdict for defendants and judgment was entered thereon. After an unsuccessful motion for a new trial plaintiff appealed to our Supreme Court. That court in an opinion handed down on April 11, 1955, held that the record did not affirmatively show that the amount in dispute was in excess of $7,500 and transferred the case to this court. See Beasley v. Athens, 277 S.W.2d 538.

Plaintiff's petition alleged that defendants were co-partners and, as such, operated the Blue Jay Cafe, a restaurant located at 331 West 12th Street in Kansas City, Missouri; that on August 2, 1952, plaintiff ate a meal in said restaurant and, after finishing said meal, talked with the defendant Della Athens, who was acting as cashier, about obtaining credit for said meal; that "during said conversation, when plaintiff informed defendant Della Athens, that her son called 'Nick' had extended credit to plaintiff, defendant, Della Athens, called plaintiff a liar; that during the course of said conversation, defendant, Della Athens, ordered an employee in said cafe to throw plaintiff out of said cafe; that in compliance with defendant Della Athens' said order, said employee did assault, batter and bruise plaintiff and ejected him forcibly from the Blue Jay Cafe, causing plaintiff serious injuries and great pain and suffering, together with intense humiliation and injury to his feelings and sensibilities in the presence of many patrons of said cafe * * *."

Defendants' defense was that when defendant, Della Athens, requested plaintiff to pay for the meal that he had eaten he began to argue with her "using loud, boisterous and profane language and creating a disturbance and a scene in said cafe, and refusing to withdraw or leave said cafe when so requested by defendants;" that thereupon defendant Angelo Ganos, ejected plaintiff from said cafe, using only such force as was reasonably necessary.

Plaintiff makes two points. The first is that the court erred in giving Instruction No. 6 on behalf of defendants. The instruction is an exact copy of one (No. 2) approved by our Supreme Court in the case of Reger v. Nowotny, 226 S.W. 2d 596. We are, of course, bound by that holding, and rule the point against plaintiff.

Plaintiff's second contention is that the court erred in restricting his counsel in the argument to the jury. Plaintiff's counsel undertook to comment on the fact that one of the defendants, Gus N. Athens, did not take the stand. There can be no doubt that the general rule in a civil action is that counsel may comment on the failure of a party to testify. But the cases all hold that the basis for drawing an unfavorable inference against a party on account of his failure to testify is that he had "knowledge of the facts and circumstances vitally affecting the issues on trial * * *." See Block v. Rackers, Mo., 256 S.W.2d 760,

764. In the instant case it was admitted by plaintiff's counsel during the oral argument before us that the defendant, Gus N. Athens, was not present when the alleged assault took place. At that time he was confined to his home by reason of sickness. In view of that admission it is apparent that there is no basis for plaintiff's claim that he was prejudiced by the court's action.

The judgment is affirmed.

All concur.