**Saraphln VOGRIN, Appellant,**

v.

**FORUM CAFETERIAS OF AMERICA, Inc.,. Respondent.**

**No. 22477.**

Kansas City Court of Appeals.

Missouri.

April 8, 1957.

Charles M. Miller, Kansas City, for appellant.

Howell & Rayburn, Norman S. Howell and John A. Weiss, Kansas City, for respondent.

WILLIAM M. KIMBERLIN, Special Judge.

This suit was brought by Saraphin Vogrin, appellant, to recover damages against the Forum Cafeterias, respondent, for personal injuries sustained by her as the result of falling on the public sidewalk on the west side of Main Street in front of respondent's cafeteria at 1212 Main Street, Kansas City, Missouri, on August 16, 1953. The plaintiff instituted this suit on the theory of nuisance and prayed for damages in the sum of $20,000. The jury returned a verdict in favor of plaintiff in the amount of $1,000 on February 2, 1956, and judgment was entered thereon. On February 3, 1956, respondent-defendant filed a motion to set aside the verdict and to enter judgment for the defendant notwithstanding the verdict. This motion was by the court sustained on February 10, 1956, and judgment entered for the defendant. Thereafter and on the 13th day of February, 1956, the plaintiff, in due time, filed a motion for new trial, asking the court to set aside the verdict and judgment of February 2, 1956, and grant her a new trial, one of the grounds of which was that the verdict and judgment are inadequate as to the damages sustained and sued for by plaintiff. Thereafter and on February 17, 1956, the trial court overruled plaintiff's motion for a new trial. On the same day, plaintiff perfected her appeal to this court.

In her brief, plaintiff urges four general grounds of error, one of which is, that the trial court erred in overruling her motion for a new trial, because of the inadequacy of the verdict and judgment for plaintiff.

At the outset it is the duty of this court to examine the record and determine if it has jurisdiction even though the jurisdiction is not challenged. In the instant case the defendant did not challenge this

court's jurisdiction. In the case of Briley v. Thompson, Mo.App., 285 S.W.2d 27, 29, the law is stated as follows:

"This court's jurisdiction has not been challenged. Nevertheless, it is our duty to examine the record and determine this court's jurisdiction, whether challenged or not."

Furthermore, as recently stated by the Springfield Court of Appeals in the case of Taney County v. Addington, 296 S.W.2d 129, "Appellate jurisdiction may not be conferred by waiver, acquiescence or even express consent * * * it becomes our initial duty in each case to inquire into and determine our jurisdiction, sua sponte".

■ This court is one of general appellate jurisdiction and the supreme court is one of limited jurisdiction. The Constitution of 1945 of the State of Missouri, Article V, Section 3, V.A.M.S., provides that "the supreme court shall have exclusive appellate jurisdiction in all cases * * * where the amount in dispute, exclusive of costs, exceeds the sum of seventy-five hundred dollars." It was held by the Missouri Supreme Court in Beasley v. Athens, 277 S.W.2d 538, at page 539, that,

"The courts of appeals are courts of general appellate jurisdiction. This court is a court of limited appellate jurisdiction. Our jurisdiction must affirmatively and with certainty appear upon the record of the trial court at the time the appeal is granted, and may not rest in speculation and conjecture as to the amount involved".

The initial question before this court is whether or not it has jurisdiction. The supreme court in the case of Thompson v. Healzer Cartage Co. 287 S.W.2d 791, at page 792, stated the law as follows:

"In this action plaintiff, the appellant here, sued for $75,000 for personal injuries. After verdict and judgment in the amount of $6,850, and after a motion for new trial had been overruled, plaintiff appealed to the Kansas City Court of Appeals. [280 S.W.2d 143.] The appeal was properly transferred here because as stated by that Court, 'The rule is that where a plaintiff, being dissatisfied, appeals from a judgment in his own favor, the "amount in dispute" for the purpose of determining appellate jurisdiction is the difference between the amount claimed or sued for and the amount recovered at the trial.' "

See also Combs v. Combs, 284 S.W.2d 423, at page 424, where the supreme court stated that:

"Our rulings are that upon a plaintiff's appeal on the ground the judgment is inadequate, the amount in dispute, absent exceptional circumstances, is the difference between the amount prayed for and the amount of the judgment in the trial court."

■ In the instant case it must be emphasized that the plaintiff not only contends the judgment of the trial court was erroneously entered for the wrong party but filed a motion for a new trial and assigned as one of the grounds the inadequacy of the verdict and judgment for plaintiff. Had the plaintiff not filed a motion for new trial and asked only that the judgment be reversed, then clearly jurisdiction would be in this court because, in effect, plaintiff would be asking that the verdict and judgment for the plaintiff in the amount of $1,000 be reinstated and of course the amount involved would be substantially less than $7,500. But the record on this appeal shows the plaintiff to be dissatisfied with the amount recovered in the trial court and is asking for a new trial on her cause of action, wherein, her petition prayed for damages in the amount of $20,000. While it is the law as announced by the supreme court that the amount of the allegation for damages in the petition is not conclusive and necessarily controlling in arriving at

the amount in dispute for the purpose of determining the supreme court's jurisdiction, the cases so holding are those where the record shows exceptional facts and circumstances that reduce the amount involved to $7,500 or less. Scannell v. Fulton Iron Works Co., Mo., 289 S.W.2d 122; Gillespie v. American Bus Lines, Mo., 246 S.W.2d 797; Miller v. Police Retirement System of City of St. Louis, Mo., 296 S.W.2d 78.

█ The record in the instant case nowhere shows that plaintiff has agreed or admitted that a judgment of $7,500 or less would be adequate. The entire record in this case is void of any exceptional facts or circumstances and it affirmatively shows the amount in dispute is in excess of $7,-500, to-wit: $19,000, which is the difference between the amount prayed for and the amount plaintiff recovered in the trial court. The supreme court has exclusive appellate jurisdiction and this cause should be transferred to the supreme court. It is so ordered.

BROADDUS, P. J., and CAVE, J., concur.

HUNTER, J., not sitting.