Everett VANNORSDEL, Appellant,

v.

E. B. THOMPSON, Respondent.

No. 45953.

Supreme Court of Missouri,
Division No. 2.
July 14, 1958.

L. E. Atherton, Milan, Rendlen & Rendlen, Hannibal, Errol Joyce, Brookfield, for appellant.

M. E. Montgomery, Milan, P. M. Marr, Milan, for respondent.

STOCKARD, Commissioner.

In October 1950 the plaintiff and defendant entered into a contract for the operation of a farm. The term of the agreement was from October 1, 1950 to August 1, 1951, and from year to year thereafter unless written notice to terminate was given by either party to the other at least two months prior to the beginning of the succeeding year. In general, defendant was to furnish the land and plaintiff was to operate the farm; they were to furnish equally the working capital, and the profits and losses were to be shared equally. Defendant loaned plaintiff the money to pay for a substantial part of his share of the working capital which was used to purchase equipment and livestock. Seven different notes were given by plaintiff to defendant. After certain credits were made, the balance due on all these notes on November 17, 1951, was $71,226.63. Plaintiff gave defendant a note for this amount due on December 31, 1951, and all the old notes were canceled. The joint farming venture was terminated by defendant in the early part of 1952. A dispersal sale was held on March 21 of that year, and as the result of the proceeds received from the sale and from other sources, plaintiff's note was credited with a total of $54,841.-

21, leaving an unpaid balance on the principal of $16,385.42.

This suit was filed in October 1952. Plaintiff sought damages for the alleged wrongful termination by defendant of the joint enterprise prior to August 1, 1952, and upon this submitted issue the jury returned a verdict for plaintiff in the amount of $28,000.

Defendant filed a counterclaim on the above referred to note. The trial court sustained a motion for a directed verdict in favor of defendant on the counterclaim, and as stated in the judgment, "the issue as presented by the counterclaim of defendant on the note * * * [was] withdrawn from the jury and judgment * * * entered by the court on defendant's counterclaim on said note in favor of defendant and against plaintiff in the amount of $22,019.94, principal and interest `* * * and for attorney's fees in the amount of $2,201.99." The trial court then offset against the $28,000 the sum of $24,221.93 and rendered judgment in favor of plaintiff and against defendant in the amount of $3,778.07. Plaintiff has appealed from the judgment, but in the notice of appeal he states that he is "not appealing from the verdict of the jury in his favor for $28,000." Defendant has not appealed.

Plaintiff seeks to invoke the jurisdiction of this court on the theory that the amount in dispute exceeds $7,500, and in the statement in his brief pertaining to jurisdiction he states that the trial court erroneously entered judgment on the note "in the sum of $24,221.93, which said note was alleged in the petition and proof [sic] to have been paid by credits and offsets. Said sum of $24,221.93 is the amount in controversy in the matter before this court." However, "we reserve to ourselves the right to pierce the shell of the pleadings, proofs, record, and judgment sufficiently far to determine that our proper jurisdiction is not infringed upon, or improper jurisdiction is not foisted upon us by design, inadvertence, or mere colorable and not real amounts." Beasley v. Athens, 365 Mo. 158, 277 S.W.2d 538, 539. See, also Ewing v. Kansas City, 350 Mo. 1071, 169 S.W.2d 897. Our examination discloses that the amount actually in dispute between the parties on this appeal is not $24,221.93 but $6,007.27, and for that reason, since no other basis for appellate jurisdiction exists, this court does not have jurisdiction of this appeal.

Plaintiff has separately set forth ten statements in his brief under the caption of points and authorities. For the most part they consist only of abstract statements, and half of them have no citation of authority. It is difficult to determine therefrom precisely what actions or rulings of the trial court plaintiff seeks to have reviewed and wherein and why they are contended to be erroneous. However, without commenting separately upon each of the various statements, we find from them and the other contents of plaintiff's brief and from the record that (a) plaintiff does not contest any issue pertaining to the verdict and judgment in his favor of $28,000 based on his suit for the alleged wrongful termination of the joint enterprise; (b) he admits the execution by him of the note for the face amount of $71,226.63; and (c) he admits that on August 1, 1952, the date the joint enterprise was supposed to terminate, he owed $18,214.66 principal and interest on the note. Examples of this latter admission are as follows: In the statement of facts in his brief plaintiff says that "The amount due on the note on August 1, 1952, was $18,214.66;" in point VIII of his brief he states that "The amount due on the note at that time [August 1, 1952] was $18,214.66;" and in a "summary" of his argument in his brief he states, "Thus it appears that on August 1, 1952, defendant owed plaintiff $28,000 and plaintiff, by defendant's own evidence, owed defendant $18,214.66." In plaintiff's reply brief we find this statement: "As it turned out on plaintiff's note to defendant on August 1, 1952, there was due and owing the sum of $18,214.66."

Plaintiff contends that in his petition he pleaded that the note had been paid by "credits and offsets;" that "by the verdict of the jury [in the suit for wrongful termination of the joint enterprise] it was found, as shown by the instructions, that on August 1, 1952, defendant was indebted to plaintiff in the sum of $28,000;" and, therefore, the trial court erred in taking from the jury the issue of whether the note was paid as of August 1, 1952, by offsetting against the amount due thereon the $28,000 which the jury found that defendant owed plaintiff as damages for the wrongful termination of the joint venture. In his brief plaintiff sums up his contentions as follows: "Thus it appears that on August 1, 1952, defendant owed plaintiff $28,000 and plaintiff, by defendant's own evidence, owed defendant $18,214.66. This results, by offsetting one debt against the other, in a balance due plaintiff in sum of $9,785.34. Or stated in another way, this results in the payment of all debts which plaintiff owed defendant as of August 1, 1952, and a balance due plaintiff from defendant of $9,785.34 as of August 1, 1952. And the trial court was in error in allowing interest from August 1, 1952, to date of trial July 17, 1956, 3 years, 11 months and 17 days [later], for on August 1, 1952, there was nothing due defendant. Likewise, the allowance of an attorney fee under the provisions of the note was error, for, as we have shown, the note was fully paid, and more, on August 1, 1952."

■ If plaintiff is correct in his contentions the trial court erred in allowing interest on said note subsequent to August 1, 1952, in the amount of $3,805.28, and in allowing attorney fees in the amount of $2,201.99 before offsetting against the $28,000 the amount due to defendant from plaintiff. If plaintiff should prevail as to every contention he makes on this appeal the net result is that the court should have offset $18,214.66 against the $28,000 judgment in favor of plaintiff, and then rendered final judgment in favor of plaintiff in the amount of $9,785.34 instead of $3,778.07 as was done.

Therefore, the actual amount in dispute between the parties is $6,007.27, which is less than the amount necessary to vest appellate jurisdiction in this court.

■ The jurisdiction of this court "depends upon live issues being presented on matters within [its] jurisdiction", and "is to be determined 'from the issues really existing in the cause and not from sham or colorable issues as to the amount in dispute'". Ewing v. Kansas City, 350 Mo. 1071, 169 S.W.2d 897, 900. See, also, Jackson v. Merz, 358 Mo. 1212, 219 S.W.2d 320. The jurisdiction of this court, when based upon the amount in dispute, depends not upon the amount of money involved, but upon the amount actually in dispute which "is determined by the amount that actually remains in dispute between the parties *on the appeal,* and subject to the determination by the appellate court of the legal question raised by the record." Heuer v. Ulmer, Mo.Sup., 273 S.W.2d 169. See, also, Koch v. Board of Regents of Northwest Missouri State College, Mo.Sup., 256 S.W.2d 785; Lemonds v. Holmes, 360 Mo. 626, 229 S.W.2d 691; Ewing v. Kansas City, supra.

If it was a jury issue whether the note was paid off as of August 1, 1952, as plaintiff contends, and assuming the jury found that the note was paid, then since plaintiff admits he owed $18,214.66 on the note as of that date, the result would be that the final judgment in plaintiff's favor, after offsetting the $18,214.66 against the $28,000, should have been $9,785.34, or $6,007.27 more than the judgment which was entered. If it was not a jury issue whether the note was paid, then plaintiff contends that the trial court erred in allowing interest on the note after August 1, 1952 and in allowing attorney fees, and for that reason the final judgment in his favor was $6,007.27 less than it should have been. In either case, the amount actually in dispute, and the amount which would be subject to the determination by the appellate court of the legal questions raised, could not exceed $6,007.27.

There is no basis for jurisdiction of this appeal in this court for any reason other than the amount in dispute, which is insufficient, and for that reason the cause is transferred to the Kansas City Court of Appeals.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.