Louis F. STROTHKAMP, Appellant,

v.

ST. JOHN'S COMMUNITY BANK, INC., a Corporation, Respondent.

No. 47520.

Supreme Court of Missouri,

Division No. 2.

Dec. 14, 1959.

Donald V. McKee, Wm. J. Becker, Clayton, for plaintiff-appellant.

Ziercher, Tzinberg, Human & Michenfelder, Herbert W. Ziercher, Clayton, for respondent.

EAGER, Judge.

■ This case was transferred here by order of the St. Louis Court of Appeals on the ground that the amount in dispute exceeded $7,500. We have determined that we do not have jurisdiction and that the case must be retransferred. It is our duty to consider that question of our own motion in any case. Dutton v. Prudential Insurance Co. of America, Mo., 190 S.W.2d 933.

The only possible jurisdiction here under Art. 5, § 3, Mo. Constitution, V.A.M.S., would arise from the "amount in dispute." It will be necessary to describe the proceedings and to state some of the facts briefly.

Appellant Strothkamp (whom we shall call plaintiff) filed his Statement in Replevin in the Circuit Court alleging that he was entitled to the possession of a canvas money bag, described in detail, of the "actual value" of $50; that this was wrongfully taken and detained by defendant. He prayed for damages of $10,000 "for the detention thereof." The statement was accompanied by an affidavit of plaintiff's attorney. The latter immediately procured an order of delivery on posting a bond of $100, and the sheriff took the bag from defendant and delivered it to plaintiff's attorney. The answer consisted solely of denials. Upon the hearing of sundry motions the following facts were developed: that one Fred Weidman died on June 14, 1957; plaintiff, Weidman's brother-in-law, and one Hertzler (the bartender in Weidman's tavern) removed $11,980 from Weidman's safe, put it in a "night depository bag" which they had procured from defendant, and deposited the bag and contents in the night depository.[1] When plaintiff demanded the bag three or four days later the bank refused, apparently for the reason that it had been informed initially of Weidman's death and of the source of the contents of the bag, and because plaintiff had no letters of administration or order of refusal of letters.

The court, indicating that it had been imposed upon by counsel in the procuring of the order of delivery on a bond of $100, ordered a new bond in the amount of $12,000; no such bond was filed. The court ordered the sheriff to retake from plaintiff the sum of $12,000 and deliver it to defendant (see section 533.080 RSMo 1949, V.A.M.S.); plaintiff refused delivery to the sheriff. The court then ordered plaintiff to produce the $12,000 in court and there to deliver it to defendant. In the course of this melee a citation for contempt was issued against plaintiff, and return made thereto. Plaintiff's attorney tendered and delivered the bag into court, but empty. During the ensuing hearing it developed that the money had been converted into certain investments. A recorded first deed of trust (and notes) covering real estate in St. Louis County (into which a portion of the money had gone) was brought to court by plaintiff's attorney; he declined to deliver this, however, and apparently the sheriff, on instructions from the court, took these papers from his folder or brief case and delivered them to the clerk, over sundry protests, objections and arguments. In the final order and judgment from which this appeal is taken, the court found that a fraud had been committed on the court, but that plaintiff had acted under the influence of his attorney and that he would not be held in contempt. The court ordered and adjudged that the $12,000 deed of trust and notes be delivered by the clerk to the defendant "to be held by it for the use and benefit of the persons lawfully entitled" to the $11,980, and that the cause be dismissed.

■ A suit in replevin is primarily a possessory action. Rankin v. Wyatt, 335 Mo. 628, 73 S.W.2d 764; 94 A.L.R. 941; Dugan v. Trout, Mo.App., 271 S.W.2d 593; Wilkison v. Grugett, 223 Mo.App. 889, 20 S.W.2d 936. Title may become involved incidentally in some cases, as where plaintiff bases his claim and right to possession upon

---

1. At times the sum is referred to as $12,000, since it was found in twelve packages each labeled $1,000.

ownership and the evidence shows such (Hoshaw v. Fenton, 232 Mo.App. 137, 110 S.W.2d 1140), where the question of ownership is the issue actually tried (Young v. Griesbauer, Mo.App., 183 S.W.2d 917) or where the defense is that the ownership is in someone else than plaintiff (Jackson v. City of Columbia, Mo.App., 217 S.W. 869). We refer to the question of ownership or title merely as affecting the "amount in dispute," and not upon any theory that title to personalty is an inherent element in our jurisdiction. Here, the pleadings in no way made an issue of ownership. Such an issue was not tried, and the court expressly disavowed any intention of determining the ownership of the money (or deed of trust and notes). Plaintiff contended throughout the proceedings that all references to the money or securities were wholly irrelevant and that orders affecting these were in excess of the court's jurisdiction, because the suit only involved the bag, of a value of $50. Defendant's officers testified that its only interest was to see that the funds reached the rightful owner. Under these circumstances, the ownership of neither the money nor the securities was in issue nor was it adjudicated; we could not possibly decide that question here if we retained jurisdiction. In Jackson v. Merz, 358 Mo. 1212, 219 S.W.2d 320, loc. cit. 321–322, the court said: "Where the judgment appealed from ' "affects merely the temporary control of property, as contra-distinguished from the permanent divestiture of title thereto, the amount in dispute" is "the financial value of such control, or loss of control, as the case may be, and not the value of the property controlled." ' Rust v. Geneva Inv. Co., Mo. Sup., 124 S.W.2d 1135, 1137; Robinson v. Nick, 345 Mo. 305, 134 S.W.2d 112." Even if we regard this suit as one involving the possession of the contents of the bag (and thus regard the claim for possession of the bag as a sham), it would still involve only temporary custody, in the absence of further allegations; and certainly there is no affirmative showing that the

value of the temporary custody and control of the notes and deed of trust exceeds $7,500.

■ ■ Plaintiff prayed for damages in the amount of $10,000 for the detention of the bag. The judgment dismissed the cause. Ordinarily, the monetary claim of an unsuccessful plaintiff is the measure of our jurisdiction (Wagner v. Mederacke, 354 Mo. 977, 192 S.W.2d 865) and our opinion is not intended to indicate any departure from that general rule. There are exceptions to this rule, however, and the allegations of a petition are not conclusive upon the court. Miller v. Police Retirement System of City of St. Louis, Mo., 296 S.W.2d 78; Vogrin v. Forum Cafeterias of America, Inc., Mo.App., 301 S.W.2d 406; Wagner v. Mederacke, supra; Beasley v. Athens, 365 Mo. 158, 277 S.W. 2d 538, 539. The whole record may be examined to determine whether in fact the jurisdictional amount is involved (Wagner, Beasley, supra). As said in Beasley, supra, "Parties do not have the unbridled whimsical power to control appellate jurisdiction by a mere stroke of the pen in their pleadings."

This prayer for damages appeared in a petition in which plaintiff ostensibly sought only the possession of a bag valued at $50. Plaintiff never attempted to amend this petition, and he resisted the introduction of evidence which he claimed was outside the pleaded issue, even though a trial on the merits was never reached. He insisted throughout these proceedings that the contents of the bag were not involved. The bag had been tendered by counsel and delivered to the court or clerk prior to the judgment. Under these circumstances, an allegation of damages in the sum of $10,000 for the retention of the bag is so frivolous as not to afford us any ground for jurisdiction. We so hold. And again, if we should consider the suit as involving the contents of the bag there would still be no affirmative showing here of such damage as would afford us juris-

diction; inherently, the suit involved only temporary custody. In replevin the damages allowed for a wrongful detention not involving a taking or deprivation of ownership are only such as are appropriate for the deprivation of possession. See 77 C.J. S. Replevin § 262, p. 189.

We have examined not only the briefs filed, but the entire transcript. A disposition on the merits would involve little more time or difficulty. We may not, however, usurp jurisdiction in a case not vested in our court under the Constitution. Beasley v. Athens, 365 Mo. 158, 277 S.W.2d 538, 539.

This case is transferred to the St. Louis Court of Appeals.

All concur.