Clarence **MITCHELL**, a minor, by his father
and next friend, James Mitchell,
Plaintiff-Appellant,

v.

Carl **MOSHER**, Oscar O. Groff and Andrew
M. Munro, Defendants-Respondents.

No. 8006.

Springfield Court of Appeals.

Missouri.

Jan. 30, 1962.

James F. Koester, St. Louis, for plaintiff-appellant.

Dearing, Richeson & Weier, Hillsboro, for defendant-respondent Carl Mosher.

James A. Cole, Union, for defendant-respondent Oscar O. Groff.

Breuer, Northern & Crow, Rolla, for defendant-respondent Andrew M. Munro.

STONE, Judge.

Shortly after midnight on May 3, 1959, plaintiff was riding in a 1953 Mercury

automobile then being driven by defendant Mosher in a northerly direction on Missouri State Highway No. 19 in Gasconade County, Missouri. As Mosher was passing an automobile owned by defendant Groff, also headed north but then standing partially on the right-hand or east shoulder and partially on the east edge of the paved roadway, the Mosher automobile was involved in a head-on collision with a southbound 1957 Chevrolet station wagon driven by defendant Munro. For personal injuries alleged to have been sustained in that accident, plaintiff instituted this action by the filing of, and subsequently proceeded to trial upon, his petition in which he prayed judgment against the three defendants in the sum of $75,000. At the close of all of the evidence, the court sustained defendant Groff's separate motion for a directed verdict [Rule 72.01; Sec. 510.280]; [1] and thereafter the jury returned a verdict for defendant Groff pursuant to the court's direction and, upon submission as to the other defendants, a verdict in favor of plaintiff and against defendants Mosher and Munro in the sum of $2,500. Judgment having been entered in accordance with the jury's verdict on March 13, 1961, plaintiff thereafter sought, by timely motion, a new trial on all issues as to defendant Groff and only on the issue of damages as to defendants Mosher and Munro. Rule 78.01; Sec. 510.-330. After the overruling of his motion for new trial on April 25, 1961, plaintiff in due time [Rule 82.04; Sec. 512.050] filed his notice of appeal "to the Springfield Court of Appeals *from the judgment entered in behalf of the plaintiff* in the Circuit Court of Crawford County entered in this action *on the 25th day of April, 1961.*" (All emphasis herein is ours.) We note parenthetically that, as our appellate courts have pointed out from time to time over a period of more than fifteen years, an appeal such as this necessarily is from the judgment and not from the overruling of the motion for new trial [Sec. 512.020;

Terrell v. Missouri-Kansas-Texas R. Co., Mo., 303 S.W.2d 641, 649], so plaintiff must have intended to appeal from the judgment entered *on March 13, 1961.* Stroup v. Radican, Mo.App., 341 S.W.2d 333, 334.

█  Following the suggestion of plaintiff's counsel by letter dated January 19, 1962 (without, however, any citation of authority), "that this case more than likely is erroneously lodged" in this court, we have addressed ourselves to the question of our appellate jurisdiction. As disclosed and established by plaintiff's motion for new trial, his appeal "from the judgment entered in behalf of the plaintiff," i. e., from the judgment against defendants Mosher and Munro in the sum of $2,500, is predicated on the contention that the verdict against those defendants was grossly inadequate. In these circumstances, it has been declared repeatedly that the general rule is that "the amount in dispute, exclusive of costs" [Art. 5, Sec. 3, Const. of 1945] is the difference between the amount prayed for and the amount of the judgment in the trial court. Pinkston v. McClanahan, Mo., 350 S.W.2d 724, 725(1); Davidson v. Schneider, Mo., 349 S.W.2d 908, 909(1); Rossomanno v. Laclede Cab Co., Mo. (banc), 328 S.W.2d 677, 679(1); Glore v. Bone, Mo., 324 S.W.2d 633, 634(1, 2); Baker v. Brown's Estate, 365 Mo. 1159, 294 S.W.2d 22, 24(1); Thompson v. Healzer Cartage Co., Mo., 287. S.W.2d 791, 792(1); Combs v. Combs, Mo., 284 S.W.2d 423, 424(1); Conner v. Neiswender, 360 Mo. 1074, 232 S.W.2d 469, 470(1); Hemminghaus v. Ferguson, 358 Mo. 476, 215 S.W.2d 481, 482(1). With instant plaintiff praying for $75,000 and having been awarded $2,500, the amount in dispute is $72,500, far in excess of our expanded jurisdictional limit [Sec. 477.040], and we must transfer this cause to the Supreme Court unless the general rule is inapplicable by reason of "exceptional circumstances" [Glore v. Bone, supra, 324 S.W.2d loc. cit. 634; Combs v. Combs, supra, 284 S.W.2d loc. cit. 424], such as

---

1. All references to rules are to Supreme Court Rules, V.A.M.R., and all references to statutes are to RSMo 1959, V.A.M.S.

(a) where the record reveals that, regardless of the ad damnum in the petition, the difference between plaintiff's recovery (if any) in the trial court and the maximum amount *actually* sought or recoverable under his trial theory is still within our monetary jurisdiction [Beasley v. Athens, 365 Mo. 158, 277 S.W.2d 538; Mitchell v. Southwestern Bell Tel. Co., Mo.App., 298 S.W.2d 520, 522(2); Daly v. Schaefer, Mo. App., 331 S.W.2d 150, 151(2); Sharp Bros. Contracting Co. v. Commercial Restoration, Inc., Mo.App., 334 S.W.2d 248, 249–250(1)], or (b) where the prayer of plaintiff's petition "is so frivolous as not to afford (the Supreme Court) any ground for jurisdiction" [Strothkamp v. St. John's Community Bank, Inc., Mo., 329 S.W.2d 718, 720], or (c) where there is a vexing problem involving a counterclaim. Jameson v. Fox, 364 Mo. 237, 260 S.W.2d 507, 58 A.L.R.2d 80.

■ In ascertaining whether there are such "exceptional circumstances," the inquiring court is not restricted to the pleadings and the judgment [Mitchell v. Southwestern Bell Tel. Co., supra, 298 S.W.2d loc. cit. 522(1); Daly v. Schaefer, supra, 331 S.W.2d loc. cit. 151(1)] but, as our Supreme Court frequently has done, should pierce the shell of the pleadings, proof, record and judgment sufficiently far to determine that the proper jurisdiction of that tribunal is not infringed upon and that improper jurisdiction is not foisted upon it by design, inadvertence, or mere colorable amounts. Johnson v. Duensing, Mo. (banc), 332 S.W.2d 950, 953; Vannorsdel v. Thompson, Mo., 315 S.W.2d 121, 122; Baer v. Baer, 364 Mo. 1214, 274 S.W.2d 298, 303 (5); Lemonds v. Holmes, 360 Mo. 626, 229 S.W.2d 691, 693(6); Simmons v. Friday, 359 Mo. 812, 224 S.W.2d 90, 94(6). For, "(p)arties do not have the unbridled whimsical power to control appellate jurisdiction by a mere stroke of the pen in their pleadings." Beasley v. Athens, supra, 277 S.W.2d loc. cit. 539; Strothkamp v. St. John's Community Bank, Inc., supra, 329 S.W.2d loc. cit. 720.

■ Recognizing that, even as our Supreme Court is fearless and faithful in decrying and shunning usurpation of power by unwarranted assumption of jurisdiction [Beasley v. Athens, supra, 277 S.W.2d loc. cit. 539(4); Strothkamp v. St. John's Community Bank, Inc., supra, 329 S.W.2d loc. cit. 721], we should be cautious and conscientious in eschewing impetuous renunciation, hasty denial or unjustified disclaimer of jurisdiction, the transcript on appeal in this case has been read in its entirety and considered carefully. As in Vogrin v. Forum Cafeterias of America, Mo.App., 301 S.W.2d 406, 409 [Id., Mo., 308 S.W.2d 617], there has been no admission or indication that plaintiff would regard as adequate or reasonable a judgment not in excess of $17,500 (i. e., no more than $15,000 in excess of the $2,500 judgment obtained against defendants Mosher and Munro). Contrast Beasley v. Athens, supra, 277 S.W.2d loc. cit. 539, and Daly v. Schaefer, supra, 331 S.W.2d loc. cit. 151. Of course, plaintiff's counsel might, by some such concession in his appellate brief or oral argument, ticket himself and his client for another ride on the jurisdictional merry-go-round and another stop on our stoop. Compare Davis v. Ball, Mo.App., 271 S.W. 2d 605; Heuer v. Ulmer, Mo., 273 S.W.2d 169; Haley v. Horwitz, Mo., 286 S.W.2d 796, 797(1). However, in the present posture of the case, we find no "exceptional circumstances" which would enable us to escape the conclusion that, for appellate jurisdictional purposes, the amount in dispute is $72,500 (i. e., the difference between $75,000, the amount prayed for, and $2,500, the amount of the judgment from which plaintiff appeals); and, in this situation, we have neither right nor reason to borrow trouble and delay for the litigants by anticipating that their appellate briefs or arguments might permit a contrary conclusion.

In our review of the case, we have not overlooked defendant Groff's motion to dismiss the appeal as to him and plaintiff's consent to the sustention of that motion

because he "did not intend to appeal" from the judgment entered on the directed verdict for Groff and the latter's "name was carried in the notice of appeal by error." *If*, by his notice of appeal, plaintiff took an appeal as to Groff (which we doubt but should not and do not decide), the amount in dispute between plaintiff and defendant Groff is $75,000, the sum for which plaintiff sued, and the Supreme Court likewise has exclusive appellate jurisdiction of that matter. Ferguson v. Betterton, 364 Mo. 997, 270 S.W.2d 756, 757–758(1); Scaggs v. Uetrecht, Mo., 244 S.W.2d 17, 18(1). In any event, it is appropriate that disposition of defendant Groff's motion to dismiss be reserved for the Supreme Court. See Taney County v. Addington, Mo., 304 S. W.2d 842(2).

The clerk of this court is directed to transfer this cause forthwith [Sec. 477.080], together with a copy of this order, to the clerk of the Supreme Court of Missouri.

RUARK, P. J., and McDOWELL, J., concur.