Leroy J. FOWLER, Appellant,

v.

**TERMINAL RAILROAD ASSOCIATION,**
a Corporation, Respondent.

No. 49543.

Supreme Court of Missouri,

Division No. 2.

Jan. 14, 1963.

Librach, Heller, Byrne & Weber, William P. Byrne, St. Louis, for appellant.

Robert C. Ely, St. Louis, for respondent.

BOHLING, Commissioner.

Leroy J. Fowler sued the Terminal Railroad Association of St. Louis, a corporation, for $17,500 damages for personal injuries allegedly received when plaintiff fell down some steps just inside the 18th Street entrance to the Union Station in St. Louis, Missouri. Plaintiff had a verdict for $1,500 damages. Both parties filed after-trial motions. The court sustained defendant's motion for judgment in accordance with its motion for a directed verdict at the close of the evidence and entered judgment for defendant and, if said judgment be reversed on appeal, granted defendant a new trial on assignment numbered 2 of its alternative motion for new trial. The court also overruled plaintiff's motion for new trial on the issue of damages only or, in the alternative, for an additur. Plaintiff has appealed from these rulings.

Plaintiff's fall occurred on November 23, 1957. He was then 73 years old. His business was selling "train order transmitters," on which he held a patent and which he sold to railroads by mail. He felt a pain in his stomach and his wrist was numb. He walked to the Market Street entrance and took a taxi to the Marion Hospital. His principal injury was a "colles fracture" of his right arm; that is, a break of the radius near the wrist. He was in the hospital for two days. There was a "closed reduction," by manipulation, without opening the skin, of the fracture. His arm was put in a cast, which was taken off December 23. He wore a light cast for about seven days and then carried his arm in a sling. He wore a leather brace on his wrist for about six weeks. Plaintiff is right-handed and has difficulty in writing or typing but apparently does all the writing he wants to do. Plaintiff's medical evidence was that the fractured bone united in good position. He notices some stiffness and soreness when the weather is bad. Plaintiff's left ankle bothered him for probably a month after his fall. The testimony was that a reasonable charge for the attention plaintiff received at the hospital was $50 to $75 and for the x-rays taken was $75.

Plaintiff took his appeal to the St. Louis Court of Appeals and the appeal was transferred here on the ground that the amount in dispute was in excess of $15,000. RSMo 1959, § 477.040, V.A.M.S.

The jurisdictional statement in plaintiff's brief filed in the Court of Appeals, upon which he submits his case here, reads in part: "This court derives jurisdiction by virtue of the fact that the amount in controversy is less than $15,000.00, to-wit: $1,500.00, and there are no other facts in the record which would confer jurisdiction on the Supreme Court of Missouri." No authority is cited.

Generally when plaintiff appeals from a judgment in favor of defendant, the amount prayed for in the petition is taken as the amount in dispute; and when plaintiff appeals on the ground a judgment in his favor is inadequate the difference between the amount prayed for in the petition and the amount recovered is taken as the amount

in dispute. With this plaintiff suing for $17,500, recovering $1,500, and having that recovery set aside and judgment entered for defendant, this court would ordinarily have appellate jurisdiction. Williams v. Kansas City Pub. Serv. Co., Mo., 294 S.W. 2d 36 [1]; Glore v. Bone, Mo., 324 S.W.2d 633 [1, 2].

■■ In exceptional instances, however, the amount in dispute for appellate jurisdictional purposes is not controlled by the pleadings. Gillespie v. American Bus Lines, Mo., 246 S.W.2d 797, 800 [2]; Strothkamp v. St. John's Community Bank, Inc., Mo., 329 S.W.2d 718, 720 [5]. Our courts of appeals are courts of general and this court is a court of limited appellate jurisdiction. City of Doniphan v. Cantley, Banc, 330 Mo. 639, 640, 50 S.W.2d 658 [4]; Higgins v. Smith, 346 Mo. 1044, 144 S.W.2d 149, 151 [5, 6], citing authority. Our jurisdiction must affirmatively appear of record and for the purpose of assuming jurisdiction the amount in dispute may not rest in speculation and conjecture. Cases supra.

In Vanderberg v. Kansas City, Mo., Gas Co., 199 Mo. 455, 458, 97 S.W. 908, plaintiff sued for $5,000 actual and $5,000 punitive damages at a time when courts of appeals had jurisdiction of amounts in dispute of $4,500 or less. Cast on demurrer to the evidence, plaintiff appealed to this court. We concluded no punitive damages were involved, the actual damages were small, and transferred the case to the court of appeals, stating: "[W]here, as in this case, the whole case of plaintiff is presented below and becomes a part of the record through a bill of exceptions, this court has hesitated to give to a plaintiff the whimsical and unregulated power to control its jurisdiction by a mere stroke of his pen in his petition, and we have reserved to ourselves the right in emergency to control the question of jurisdiction by looking into the whole record far enough to do so by seeing to it that jurisdiction is not foisted upon us by a mere paper or colorable amount in dispute, but is regulated by the real amount in dispute on appeal as disclosed by the entire

record." See, among others, Wilson v. Russler, Banc, 162 Mo. 565, 567, 63 S.W. 370 (stating this rule of law to be settled); Strothkamp case, supra 329 S.W.2d 1. c. 720 [4, 5].

■ We are convinced that a verdict and judgment for this plaintiff in an amount in excess of $15,000 should not be permitted to stand under the facts in the record before us.

■ An additional reason this court does not have jurisdiction is that plaintiff's presentation of his claim that a recovery of $1,500 is inadequate demonstrates that a claim for damages in an amount exceeding $15,000 would be a matter of color and not of substance.

Plaintiff relies upon the three cases next mentioned for holding a recovery of $1,500 inadequate. Asher v. Griffin, Mo.App., 342 S.W.2d 255, 260 [7–9], his first case, involved injuries to a 26 year old married woman. She sustained severe bruises and pain, was troubled with her wrist and back, and lost much time from her work as the result of an automobile collision. The x-rays were negative as to fractures or dislocations but disclosed a flattening of the cervical curve. She had medical expenses of $495. A judgment of $5,000 was held not excessive. Plaintiff in his brief states of his other two cases that in Hiken v. Wilson's Shoes, Mo.App., 317 S.W.2d 673 [8], a judgment for $5,000 was reduced to $3,500 where there was no fracture, and the only injuries were multiple bruises, lacerations, swelling and nervousness which lasted for a time, and that in Karnes v. Ace Cab Co., Mo. App., 287 S.W.2d 378 [5], a judgment for $3,500 was reduced to $2,500 where the only injury involved was a minor brain concussion. We have read plaintiff's citations on the issue, and it is not necessary to develop them in detail. It does not follow from a holding that a judgment is not excessive or that a judgment should be reduced by a remittitur that a judgment based upon a verdict for a less

amount than that approved in some like case by an appellate court would be inadequate.

In Beasley v. Athens, 365 Mo. 158, 277 S.W.2d 538 [3], plaintiff asked $5,000 actual and $5,000 punitive damages in an assault and battery case, but his counsel in argument to the jury stated he thought plaintiff entitled to $1,000 actual and $1,000 punitive damages. We considered a holding that the amount in dispute exceeded $7,500 (which would vest appellate jurisdiction here at the time) would rest in speculation and conjecture. We have considered the failure of counsel to reason a point vesting appellate jurisdiction here tantamount to an abandonment of the point and an invitation to broadly infer that counsel concede it no point to reason. Hartzler v. Metropolitan St. Ry. Co., 218 Mo. 562, 565, 117 S.W. 1124, 1125; Ashbrook v. Willis, 338 Mo. 226, 89 S.W.2d 659 [6].

The appellate jurisdiction of the courts of appeals should not be destroyed by the injection of sham amounts in dispute in the trial courts. From the fact that plaintiff's presentation makes no claim or attempt to claim a right to a judgment in excess of $15,000, we conclude that any issue based upon a prayer in his petition for damages in excess of $15,000 is a matter of color only, and not of substance, and insufficient to vest appellate jurisdiction in this court.

This appeal should be and is retransferred to the St. Louis Court of Appeals.

BARRETT and STOCKARD, CC., dissent.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

EAGER, P. J., and LEEDY, J., concur.

STORCKMAN, J., dissents.