**HENGES COMPANY, Inc., a Corporation, Plaintiff,**

v.

**DOCTORS' NORTH–ROADS BUILDING, INC., a Corporation, et al., (Defendants) Respondents,**

and

**Eric W. SMITH, Jr., and Robert Entzeroth, a Partnership, d/b/a Smith & Entzeroth, (Defendants) Cross Claimants-Appellants,**

and

**St. Louis County National Bank and Dalton W. Schrieber, Trustee, (Defendants) Respondents.**

**No. 50965.**

Supreme Court of Missouri,

Division No. 1.

July 12, 1965.

Motion for Rehearing and to Transfer to Court En Banc Denied Aug. 3, 1965.

Bertram W. Tremayne, Jr., A. Wimmer Carr, Tremayne, Joaquin, Lay & Carr, St. Louis, for cross-claimants-appellants.

Edwin Rader, Clayton, for defendants-respondents, St. Louis County Nat. Bank and Dalton W. Schreiber, Trustee.

HOLMAN, Judge.

This suit was instituted as an equitable mechanics' lien action to enforce the various mechanics' lien claims or demands that had been filed in the office of the circuit clerk of St. Louis County seeking a lien upon the land upon which had been constructed the Doctors' North-Roads Building. The claims of the plaintiff and the four defendant lien claimants totaled approximately $55,000. Also included as defendants were Doctors' North-Roads Building, Inc., a corporation, (hereinafter referred to as "building corporation"), and the St. Louis County National Bank, a corporation.

Prior to trial all the lien claims were paid or settled except the claim of Eric W. Smith, Jr. and Robert Entzeroth, a partnership, doing business as Smith & Entzeroth, who claimed a balance of $15,117, plus interest, for architectural services rendered to the building corporation.

The bank had made a construction loan in the amount of $500,000 secured by a deed of trust on the real estate here involved. The deed of trust was foreclosed on April 3, 1961, and the property was purchased at the trustee's sale by the bank which was the owner thereof at the time of trial.

Although the building corporation was represented by counsel at the trial, the primary contest was between Smith & Entzeroth, claimants, and the bank, which contended that claims for architectural services were not lienable under the provisions of Chapter 429 (all statutory citations are to RSMo 1959, V.A.M.S.), and that in any event, claimants, under the facts of this case, were not entitled to a lien.

At the conclusion of the trial the court entered a judgment in favor of Smith & Entzeroth against the building corporation in the sum of $18,087.69, but denied said claimants a mechanics' lien against the real estate involved. Smith & Entzeroth have appealed and here contend that the trial court erred in refusing to decree a mechanics' lien for the amount of their claim. The bank has filed a brief in which it contends, for a number of reasons therein specified, that the trial court properly denied appellants a mechanics' lien.

We must first consider the question of our appellate jurisdiction. See Mo.Const. Art. V, § 3 (1945), V.A.M.S., and § 477.040. In their jurisdictional statement appellants say we have jurisdiction because the "amount involved in this appeal, exclusive of interest on the judgment and costs, exceeds $15,000." For reasons hereinafter stated, we have concluded that we do not have jurisdiction of this appeal.

The building corporation signed a written agreement wherein it agreed to pay appellants six percent of the cost of the building for their architectural services. The total amount that became due under that contract was $32,002.08. They were paid $17,812.33. The building corporation had

agreed to pay interest on the unpaid balance and hence the judgment entered in favor of appellants included interest in the sum of $3,898.36 which made an aggregate judgment of $18,087.69. As stated, the bank made a construction loan on the property and upon foreclosure had become the owner thereof prior to trial. In the circumstances here presented we have no doubt that as between the building corporation and the bank, in this equitable action, the building corporation would be primarily liable for the payment of appellants' judgment even though appellants should be successful in obtaining the further relief of a mechanics' lien.

The amount in dispute upon this appeal is the value of the relief (lien) sought by appellants. If the building corporation is insolvent so that nothing could be collected from it, the amount in dispute would be the full amount of the judgment because appellants would undoubtedly collect the whole amount from the bank in the event they should be successful in having said amount adjudged a mechanics' lien against the land and building here involved. However, if the building corporation has assets, then the amount in dispute would be the difference between the amount that could be collected from the building corporation and the total judgment. For example, if $4,000 could be collected from the corporation the amount in dispute upon this appeal would be the balance of $14,087.69 and we would not have appellate jurisdiction because that amount does not exceed $15,000. The difficulty confronting us is that there is nothing in the record before us to definitely show the financial condition of the building corporation.

■ We have said that in order for this court to have jurisdiction because of the amount in dispute "it is necessary that the record affirmatively disclose with certainty that the amount in dispute, regardless of all contingencies, exceeds $15,000. Section 477.040, RSMo 1959, V.A.M.S. 'This court will not indulge in speculation and conjecture as to the amount in dispute or concerning the value of the relief sought *on appeal* for the purpose of assuming jurisdiction. Lemonds v. Holmes, Mo.Sup., 229 S.W.2d 691, 692 [3]; Beasley v. Athens, 365 Mo. 158, 277 S.W.2d 538, 539 [2].' Johnson v. Duensing, Mo.Sup., 332 S.W.2d 950, 956." Long v. Norwood Hills Corporation, Mo. Sup., 360 S.W.2d 593, 596. See also Baer v. Baer, 364 Mo. 1214, 274 S.W.2d 298.

In order for us to conclude that we have jurisdiction of this appeal we must find from the evidence that the building corporation does not have assets from which appellants can collect as much as $3,087.68 to apply on the judgment. The only evidence tending to show that said corporation is not in good financial condition is that (1) the $500,000 deed of trust was foreclosed, (2) an action to enforce mechanics' liens was filed in which all of the claims were disposed of before trial except appellants', and (3) appellants appealed from the judgment, which indicated that they were doubtful of their ability to collect their judgment in full from the building corporation. Whether they ever made any effort to do so does not appear from the record. Those developments indicate that the building corporation may be insolvent, but it would be pure conjecture and speculation for us to find from that evidence that said corporation does not have assets in at least the amount of $3,087.69 which could be applied toward the satisfaction of the judgment herein.

■ Since the record does not affirmatively show that the amount in dispute exceeds the sum of $15,000 we do not have appellate jurisdiction on that ground. We have examined the record in the light of the other provisions of Art. V, § 3, supra, and find no other basis for giving this court jurisdiction of the appeal.

We accordingly conclude that this case should be transferred to the St. Louis Court of Appeals. It is so ordered.

All concur.